**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 29, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DOUGLAS A. SPITZNAS,

        Petitioner-Appellant,

v.

BOBBY BOONE; BOBBY JONES,

        Respondents-Appellees.

No. 05-6236

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 98-CV-133-H)**

Submitted on the briefs:[*]

Douglas A. Spitznas, pro se.

William R. Holmes, Assistant Attorney General, W.A. Drew Edmondson, Attorney General of Oklahoma, Oklahoma City, Oklahoma, for Appellees.

Before **BRORBY** and **EBEL**, Circuit Judges, and **KANE**,[**] District Judge.

---

[*]    After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[**]    The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

**EBEL**, Circuit Judge.

The AEDPA-amended habeas corpus statutes[1] restrict the power of the federal courts to entertain second or successive applications for writs of habeas corpus. *See* 28 U.S.C. § 2244. Before a petitioner may file a second or successive 28 U.S.C. § 2254 petition in the district court, he must successfully apply to this court for an order authorizing the district court to consider the petition. *See id.* § 2244(b)(3).[2] A second or successive 28 U.S.C. § 2255 motion must also be certified by a panel of this court pursuant to § 2244 before it may proceed in district court. *See* 28 U.S.C. § 2255.

In *Lopez v. Douglas*, 141 F.3d 974 (10th Cir. 1998), we announced a rule that treated all Fed. R. Civ. P. 60(b) motions in habeas proceedings as second or successive habeas petitions for purposes of § 2244(b). *Id.* at 975. Recently,

---

[1]     *See* Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[2]     Section 2244 also imposes the following requirements on filing second or successive petitions: "First, any claim that has already been adjudicated in a previous petition must be dismissed," *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2646 (2005) (citing § 2244(b)(1)); "[s]econd, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence," *id.* (citing § 2244(b)(2)); and, "[t]hird, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions," *id.* (citing § 2244(b)(3)).

however, the Supreme Court clarified that not all 60(b) motions in such proceedings constitute second or successive petitions. *See Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005). Some 60(b) motions are in fact "true" 60(b) motions, free from § 2244's requirements. *See id.* at 2647. Here, Mr. Spitznas is appealing the district court's denial of his Rule 60(b) motion seeking relief from the dismissal of his § 2254 petition. In light of the new landscape created by *Gonzalez*, we will first lay out the law that applies to this case. We will then apply that law to Mr. Spitznas's appeal to reach an appropriate disposition.

## I. APPLICABLE LAW

Our first task in laying out the law is to enunciate the substantive rule dictating when, pursuant to *Gonzalez*, a pleading denominated a Rule 60(b) motion that arises within a habeas context should be treated as a second or successive habeas petition and when it should be treated as a "true" 60(b) motion.[3] We will then address the proper procedures, in both the district court and the appellate court, for disposing of such Rule 60(b) motions.

### A. Second or Successive Habeas Petitions vs. True Rule 60(b) Motions

Under *Gonzalez*, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the

---

[3] For purposes of applying the *Gonzalez* rule, we treat any Rule 60(b) equivalent (such as a motion to reconsider filed more than ten days after judgment, a belated "Rule 59" motion, or a motion to submit additional evidence of fraud) as a Rule 60(b) motion.

petitioner's underlying conviction. *See* 125 S. Ct. at 2651. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, *id.* at 2648 n.4; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition, *id.* at 2648.

Some examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition, *see id.* at 2647, 2648; a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied, *see id.* at 2647; or a motion "seek[ing] vindication of" a habeas claim by challenging the habeas court's previous ruling on the merits of that claim, *id.* at 2647-48.

By contrast, a 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive petition. *See id.* at 2648 & n.4. Thus, for example, a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion. *See id.*

A Rule 60(b) motion asserting fraud or other defect in the integrity of the federal habeas proceeding may also constitute a true 60(b) motion, although this type of motion requires a more nuanced analysis. For example, whether a 60(b) motion that alleges a defect in the integrity of the habeas proceeding based upon a claim of fraud on the court constitutes a true 60(b) motion depends on the fraud alleged. If the alleged fraud on the court relates *solely* to fraud perpetrated on the federal habeas court, then the motion will be considered a true 60(b) motion. *See id.* at 2648 n.5 (citing example of witness's allegedly fraudulent refusal to testify at federal habeas hearing). Thus, an allegation that the state presented fraudulent testimony before the habeas court that was separate and distinct from any previous fraud alleged to have tainted the initial conviction or direct appeal may be the subject of a true 60(b) motion. However, if the fraud on the habeas court includes (or necessarily implies) related fraud on the state court (or the federal district court that convicted and/or sentenced the movant in the case of a § 2255 motion), then the motion will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding.[4]

---

[4]    We caution litigants that spurious attempts to re-cast substantive habeas arguments in the guise of "fraud on the court" (by alleging, for example, that the state committed "fraud on the habeas court" by failing to admit to or to demonstrate the legal or factual weaknesses in its own position), will properly be treated as an attempt to allege or re-allege substantive grounds for habeas relief,

(continued...)

**B. Procedural Disposition in the District Court**

Having laid out the substantive rules, we now turn to the proper procedural disposition of Rule 60(b) motions in habeas cases. We begin with steps to be followed by district courts in this circuit when they are presented with a Rule 60(b) motion in a habeas or § 2255 case. The district court should first determine, using the criteria we have outlined above, whether the motion is a true Rule 60(b) motion or a second or successive petition.

If the district court concludes that the motion is a true Rule 60(b) motion, it should rule on it as it would any other Rule 60(b) motion. If, however, the district court concludes that the motion is actually a second or successive petition, it should refer the matter to this court for authorization under § 2244(b)(3). *See* 28 U.S.C. § 1631 (authorizing transfer of civil action or appeal filed without jurisdiction, in the interest of justice, "to any other court in which the action or appeal could have been brought at the time it was filed or noticed"); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam). In the case of a "mixed" motion–that is, a motion containing both true Rule 60(b) allegations and second or successive habeas claims–the district court should (1) address the merits of the true Rule 60(b) allegations as it would the allegations in any other

---

[4](...continued)
thus presenting a second or successive petition.

-6-

Rule 60(b) motion, and (2) forward the second or successive claims to this court for authorization.

Some courts, including at least two circuit courts of appeals, have required a movant bringing a "mixed" motion either to seek authorization to file the entire motion as a second or successive petition, or to delete the second or successive claims so as to proceed entirely in the district court on true 60(b) claims that do not require authorization. *Reid v. Angelone*, 369 F.3d 363, 375 (4th Cir. 2004); *Pennington v. Norris*, 257 F.3d 857, 858-59 (8th Cir. 2001); *Townsend v. Vasbinder*, No. 04-CV-74846, 2005 WL 2246988, at *1 (E.D. Mich. Sept. 15, 2005) (unpublished). We do not adopt this analysis, because it is based on rules developed in the context of exhaustion of state court remedies. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Whereas the exhaustion doctrine seeks to protect the states' concomitant role of correcting constitutional violations in our system of dual sovereignty, no similar comity or federal concerns exist in deciding a mixed 60(b) motion, which only requires proceedings at different levels within the same federal system. Because no similar overarching constitutional principles exist to justify incorporating the "all or nothing" approach developed in the context of the total exhaustion rule into this context, we decline to do so.[5]

---

[5]     A concern with our approach to "mixed" Rule 60(b) motions may be
(continued...)

## C. Procedural Disposition and Requirements on Appeal

We next address the procedures to be followed by this court when we receive appeals or transfers resulting from the district court's disposition of a purported Rule 60(b) motion in a habeas case. If the district court correctly treated the motion (or any portion thereof) as a "true" Rule 60(b) motion and denied it, we will require the movant to obtain a certificate of appealability (COA) before proceeding with his or her appeal. In holding that a COA is required to appeal from the denial of a true Rule 60(b) motion in the district court, we join every circuit but one that has addressed this issue. *Compare United States v. Lambros*, 404 F.3d 1034, 1036-37 (8th Cir.), *cert. denied*, 125 S. Ct. 2953 (2005); *United States v. Vargas*, 393 F.3d 172, 174 (D.C. Cir. 2004),

---

[5](...continued)
whether it improperly splits the petitioner's cause of action. We are convinced that it does not, for two reasons. First, an important exception to the rule requiring a plaintiff to bring all of his available claims against a defendant in a single action, or risk extinguishment of omitted claims, exists when the plaintiff is unable to bring all of his or her claims in a single action because a single court lacks subject matter jurisdiction over all the claims. *See* Restatement (Second) of Judgments § 26(1)(c); 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice & Procedure* § 4412, at 276 (2d ed. 2002). In the case of a "mixed" 60(b) motion, the district court has jurisdiction to consider true 60(b) issues, but it lacks jurisdiction to consider whether to permit the filing of a second or successive habeas petition. Second, concerns about claim-splitting are not present when it is the court itself that orders the claimant to pursue his judicial remedies in two separate forums. *Cf.* Restatement (Second) of Judgments § 26(1)(b) (recognizing exception to claim-splitting rules where court expressly reserves plaintiff's right to pursue second action). Accordingly, our directive on the correct procedural disposition of a "mixed" 60(b) motion does not run afoul of the ordinary prohibition on split causes of action.

*cert. denied*, 126 S. Ct. 644 (2005); *Reid*, 369 F.3d at 369; *Gonzalez v. Sec'y Dep't of Corr.*, 366 F.3d 1253, 1263 (11th Cir. 2004), *aff'd on other grounds sub nom. Gonzalez v. Crosby,* 125 S. Ct. 2641 (2005); *Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir. 2001) (per curiam); *Rutledge v. United States*, 230 F.3d 1041, 1046-47 (7th Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 336, 338-40 (3d Cir. 1999); *Langford v. Day*, 134 F.3d 1381, 1382-83 (9th Cir. 1998) *with Dunn v. Cockrell*, 302 F.3d 491, 492 (5th Cir. 2002) (holding COA not required).

Any other conclusion would lead to an absurd result contrary to Congress's intent in enacting § 2253. The purpose of the COA requirement "is to prevent frivolous cases from clogging appellate dockets and to promote finality." *Vargas*, 393 F.3d at 175 (citing *Barefoot v. Estelle*, 463 U.S. 880, 892 (1983) (COA predecessor statute)). Thus, it would be illogical that a COA would be required to appeal from a habeas judgment, but not from the district court's order denying Rule 60(b) relief from such a judgment. *See id.*, at 174-75 ("[I]t would make no sense for Congress to require the screening of appeals from judgments denying [§ 2254] or § 2255 petitions yet [freely] allow appeals from denials of Rule 60(b) motions seeking to reopen those judgments."); *see also Gonzalez*, 366 F.3d at 1264; *Kellogg*, 269 F.3d at 103. Accordingly, in accordance with the

legislative language in and purpose underlying § 2253, we conclude that a COA is required to appeal from the denial of a true Rule 60(b) motion.[6]

But no COA is required if the district court correctly treats a 60(b) motion as a second or successive petition and transfers it to us for authorization. *See Coleman*, 106 F.3d at 341. This is because the COA requirement applies only when the applicant desires to pursue "an appeal." *See* 28 U.S.C. § 2253(c)(1). Filing a second or successive petition, or seeking authorization to file such a petition, is not an appeal. Furthermore, both a COA and an application to file a second or successive petition are gatekeeping functions, and we see no basis for doubling them up such that petitioners must satisfy both tests before we may authorize them to file a second or successive petition.[7] We therefore conclude that a COA is not required as a threshold matter simply to determine whether the

---

[6] The COA should, as in all such cases, be sought first from the district court.

[7] Although both requirements serve gatekeeper functions, we note that the standards used in applying the requirements differ significantly. The grant of a COA requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). By contrast, the grant of permission to file a second or successive petition requires a showing either of a new rule of constitutional law, made retroactive by the Supreme Court to cases on collateral review, and previously unavailable to the petitioner; or a claim based on a factual predicate that could not have been discovered previously through the exercise of due diligence that demonstrates by clear and convincing evidence the petitioner's lack of guilt of the underlying offense. *Id.* § 2244(b)(2).

-10-

motion is, in fact, a second or successive petition and, if so, whether it should be authorized.[8]

If the true nature of a Rule 60(b) motion filed in district court is uncertain, in dispute by the petitioner, or if we disagree with the district court's determination, we will determine based on the materials before us whether it should be characterized as a true Rule 60(b) appeal or as a request for authorization to file a second or successive petition. We will then apply the appropriate standard according to our review, as laid out above. If we determine that the district court improperly characterized a true Rule 60(b) motion as a second or successive petition, we will ordinarily remand to permit the district court to address the true Rule 60(b) issues in the first instance. *But see Gonzalez*, 125 S. Ct. at 2650-51 (reaching beyond question of whether motion constituted successive petition or true 60(b) motion, on which certiorari was granted, to address merits of motion held to raise true 60(b) issues). If, on the other hand, the district court has incorrectly treated a second or successive petition as a true Rule 60(b) motion and denied it on the merits, we will vacate the district court's

---

[8]     Of course, consistent with our prior practice, we may, but are not required to, exercise discretion to construe a request for a certificate of appealability as an application to file a second or successive petition, or vice versa as warranted in the interests of justice. *Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (per curiam).

order for lack of jurisdiction and construe the petitioner's appeal as an application to file a second or successive petition.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Nature of Offense, Competency Examination, and Guilty Plea

On November 24, 1987, Mr. Spitznas was charged in Oklahoma state district court with one count of kidnaping for extortion, three counts of first-degree rape of a fifteen-year-old girl, four counts of forcible anal sodomy, two counts of forcible oral sodomy, two counts of rape by instrumentation, and one count of child beating, all involving the same victim and all after former conviction of a felony. After defense counsel filed an application for determination of competency, the district court ordered that Mr. Spitznas undergo a competency evaluation.

A psychiatrist from the Oklahoma Department of Mental Health who evaluated Mr. Spitznas sent her findings to the trial court on February 8, 1988. She concluded that Mr. Spitznas was unable to appreciate the nature of the charges against him and unable to assist rationally in the preparation of his defense. She also concluded that he was mentally ill, and that, without treatment, he posed a danger to himself or others. Provided he received treatment, however, the psychiatrist believed he could attain competency.

On February 16, 1988, the state district court held a post-examination competency hearing. The district court found that Mr. Spitznas was "incompetent

-12-

but capable of obtaining competency." It then committed him to the Eastern State Hospital in Vinita, Oklahoma.

On June 14, 1988, officials at Eastern State Hospital wrote the district court a letter concluding that Mr. Spitznas was now able to appreciate the nature of the charges against him, was able to assist rationally in his own defense, and was not mentally ill, but that he did pose a significant danger to himself or others if released. On June 29, 1988, the state requested, and the state district court scheduled, a second post-examination competency hearing.

In an order dated July 22, 1988, the district court found Mr. Spitznas competent and ordered that criminal proceedings resume. The district court's order reflects that only the district attorney appeared before the district court on the matter, and notes that "after full investigation of the matter," the district court found Mr. Spitznas to be competent. Mr. Spitznas's counsel approved the contents of the order with his signature at the bottom of the order.

On November 2, 1988, Mr. Spitznas entered a blind guilty plea to each of the offenses with which he was charged, with the exception of one count of forcible oral sodomy, which the state had dropped by means of an amended information filed prior to the plea hearing.[9] Mr. Spitznas was sentenced on

---

[9]     Mr. Spitznas's trial counsel testified at the federal evidentiary hearing held in this matter that he made repeated attempts to obtain a plea bargain offer from the prosecution, which were rebuffed because of the serious nature of the

December 19, 1988. At the sentencing hearing, he contended that he had lied at the plea hearing concerning the factual basis for his guilty plea, and that he had in fact had no memory of the acts with which he was charged and had only recited facts that he received from television or read in the newspapers. He requested that he be allowed to withdraw his guilty plea. The district court denied the motion.

Mr. Spitznas's counsel presented an argument for mitigation at sentencing, in which he stated that the pre-sentence report contained the diagnosis of an independent psychiatrist–presumably referring to an August 3, 1988 letter from Dr. Joel S. Dreyer--who had examined Mr. Spitznas and talked about his mental illness. The district court ordered Mr. Spitznas to serve seven life sentences and five sentences of two hundred years' imprisonment for his crimes, with all sentences to run consecutively.

**B. State Court Post-Plea Proceedings**

On December 29, 1988, Mr. Spitznas filed a motion to withdraw his guilty plea, which the state district court denied after holding an evidentiary hearing. He attempted to appeal from this denial, using a different attorney than counsel who had represented him during the guilty plea proceedings, but this new counsel was subsequently disbarred and Mr. Spitznas later discovered that the appeal had

[9](...continued)
offenses.

not been perfected. On January 23, 1996 and again on April 18, 1996, the Oklahoma Court of Criminal Appeals (OCCA) granted his applications to appeal out of time.[10]

On April 16, 1996, the United States Supreme Court entered an opinion in which it overturned the standards used in Oklahoma law to determine whether a defendant is competent to stand trial. *Cooper v. Oklahoma*, 517 U.S. 348 (1996). The Supreme Court determined that the Oklahoma law presuming that a defendant was competent to stand trial unless he proved his incompetence by clear and convincing evidence violated due process. *Id.* at 354-69.

Mr. Spitznas, acting through counsel, subsequently filed a petition for writ of certiorari with the OCCA, in order to appeal from the denial of his motion to withdraw his guilty plea. He raised three issues. He contended, first, that his trial counsel's waiver of his second post-examination competency hearing was made under an erroneous understanding of his burden of proof at the hearing, later clarified in *Cooper*, and that the trial court was under the same misunderstanding when it assessed his competency to plead guilty. Second, he argued that the record did not show that he understood the nature and

---

[10] The Oklahoma Indigent Appellate Defense System (OIDS) was appointed to represent Mr. Spitznas after the January 23, 1996 order granting him leave to appeal out of time. Unfortunately, the OIDS attorney filed the notice of intent to appeal and designation of record one day late, resulting in the second application to file a notice of appeal out of time.

consequences of waiving the insanity defense. Finally, he contended that several of his convictions should be vacated on the ground of double punishment. On February 11, 1997, the OCCA issued an unpublished summary opinion affirming the district court's denial of his motion to withdraw his guilty plea, and denying his petition for certiorari.

On April 23, 1997, Mr. Spitznas filed an application for post-conviction relief in state district court. He raised several issues, two of which are relevant here: (1) the trial court deprived him of procedural due process by failing to hold a post-examination competency hearing; and (2) his trial counsel was constitutionally ineffective in, among other things, coercing Mr. Spitznas into pleading guilty, and misinforming Mr. Spitznas on clear points of law. The state district court denied relief, finding that the issues raised, except for ineffective assistance of appellate counsel, could have and should have been raised as part of Mr. Spitznas's direct appeal, and that Mr. Spitznas failed to show constitutionally defective performance and prejudice from his appellate counsel's representation. The OCCA affirmed, citing essentially the same reasons as the trial court.

## C. Federal Habeas Petition

On January 7, 1998, Mr. Spitznas filed a federal habeas corpus petition, raising each of the eleven issues he had presented on certiorari appeal and in the state post-conviction relief proceedings, his eleventh issue being ineffective

assistance of appellate counsel. He requested an evidentiary hearing, which the district court denied.

### 1. First Order Denying Habeas Relief

On October 19, 1998, the magistrate judge assigned to the case entered a report and recommendation, recommending that Mr. Spitznas's habeas petition be denied. In his November 2, 1998, objections to the magistrate judge's report, Mr. Spitznas raised two significant objections. He argued that, contrary to the magistrate judge's finding, there had been no "second post-examination competency hearing." As part of his argument, he contended that the magistrate judge had erred in failing to consider his contention that even if there had been a "hearing," such a hearing had been conducted under the unconstitutional "clear and convincing evidence" standard applied by the Oklahoma courts prior to the Supreme Court's *Cooper* decision. Mr. Spitznas had raised this issue to the Oklahoma courts and in his federal habeas petition.

Mr. Spitznas also challenged the magistrate judge's recommendation concerning his claim that counsel tricked or coerced him into pleading guilty. This claim was also asserted both before the state courts and in his federal habeas petition. During the course of proceedings in the federal habeas court, and prior to the entry of the magistrate judge's report and recommendation, both Mr. Spitznas and the state filed affidavits concerning his ineffective assistance of trial and appellate counsel issues.

On January 28, 1999, the district court adopted the magistrate judge's recommendation, summarily rejected Mr. Spitznas's objections, and denied his habeas petition.  Mr. Spitznas appealed.

### 2.  First Appeal

On February 16, 2000, we entered an order and judgment remanding to the district court for an evidentiary hearing on two of the habeas grounds raised by Mr. Spitznas.  *Spitznas v. Boone*, No. 99-6158, 2000 WL 177424 (10th Cir. Feb. 16, 2000).  In our order we stated, first, that we were "concerned with the ambiguity of the record regarding whether [Mr. Spitznas] received a second determination of competency before entering his guilty plea." *Id.* at *1.  We noted the ambiguities in the state district court's July 22, 1988 order finding that Mr. Spitznas had regained competency to stand trial.  We were also concerned that the record, as developed to that point, did not allow adequate consideration of Mr. Spitznas's claim that his trial counsel had misled him into entering a guilty plea.  We therefore remanded with instructions to hold an evidentiary hearing regarding these matters.

### 3.  Evidentiary Hearing on Remand

The district court appointed a federal public defender to represent Mr. Spitznas at the evidentiary hearing, which was held on June 26, 2000.  At the hearing, Mr. Spitznas's new counsel called no witnesses but he was permitted to introduce several new exhibits into the habeas record, without objection.  One of

-18-

these new exhibits was a certified copy of a letter addressed to Mr. Spitznas's

trial counsel from Dr. Joel S. Dreyer, a psychiatrist. The letter was dated August

3, 1988, which is less than two weeks after the state trial court found Mr. Spitznas

competent to proceed. Mr. Spitznas's counsel at the evidentiary hearing stated

that she had discovered the letter while going through the state court file and that

it had not previously been entered into the record of the habeas case.

In the letter, Dr. Dreyer provided his diagnostic impression of Mr. Spitznas

as having "Organic Brain Damage with disassociative episodes of temporal lobe

epilepsy type." He noted that Mr. Spitznas suffered from blackouts,

hallucinations, and severe migraine headaches. Noting an episode that occurred

before the crimes with which Mr. Spitznas was charged, in which Mr. Spitznas

was viciously kicked in the head and hit with a bottle in his eye, causing him to

lose the eye, Dr. Dreyer stated "I strongly feel what we have here is an organic

brain syndrome that has caused this man to act out in the way that he did."

Dr. Dreyer "very strongly" recommended that Mr. Spitznas be subjected to

"a process of neurological and neuropsychometric battery testing."

It is undisputed that the recommended tests were never performed. Another

of the exhibits entered at the evidentiary hearing was a more contemporaneous

affidavit from Dr. Dreyer, dated May 18, 2000. In the affidavit, he stated that

after he provided Mr. Spitznas's trial counsel with the letter describing

Mr. Spitznas's condition and recommending further testing, counsel never

contacted Dr. Dreyer again. Mr. Spitznas's trial counsel testified at the evidentiary hearing that he had no memory of receiving the letters from Dr. Dreyer.

### 4. Second Remand

After the district court held the evidentiary hearing, it transmitted the record of the hearing to this court. On June 5, 2003, noting that serious ambiguities remained in the case, we entered an order requiring the district court to make further factual findings on the following issues, based on the evidence presented at the evidentiary hearing:

> 1) Whether, after previously having been declared incompetent but capable of achieving competency, Petitioner was afforded a second determination of competency prior to entering his guilty plea or whether Petitioner waived a second competency hearing; 2) Whether Petitioner established that he was legally insane at the time he committed the acts in question; 3) Whether Petitioner received ineffective assistance of trial counsel; and 4) Whether Petitioner received ineffective assistance of appellate counsel.

*Spitznas v. Boone*, No. 99-6158, order at 6 (10th Cir. June 5, 2003). After the district court referred the matter back to the magistrate judge for further proceedings, the magistrate judge ordered the state to supplement the record with, among other things, a certified copy of the original record of the state district court case. This supplementation established conclusively that Dr. Dreyer's August 3, 1988 letter was included in the state court file, as part of the pre-sentence investigation report.

In his second supplemental report and recommendation, the magistrate judge found, as to issues pertaining to the second post-examination competency hearing, that

> Petitioner was given a second competency hearing at which Petitioner, his defense attorney, and the prosecutor appeared in open court, that the defense and the prosecution stipulated only to the contents of the evaluation report in which Petitioner was determined to be competent to stand trial and to the testimony that the individual preparing the report would give in the second competency hearing, and that Petitioner was determined to be competent to stand trial only after a specific inquiry into Petitioner's competency was undertaken by the trial judge who conducted the second competency hearing.

As to the issue of Mr. Spitznas's legal insanity at the time of the offense, the magistrate judge found, *inter alia*, that "Dr. Dreyer's report does not contain conclusive findings as to Petitioner's sanity or insanity at the time of the offense," and that all the evidence, taken together, did not create a reasonable doubt as to Mr. Spitznas's sanity. The magistrate judge mentioned Dr. Dreyer's recommendation that further tests be conducted, but noted Dr. Dreyer's statement that, even if these tests were conducted and the results were negative, he would still conclude that Mr. Spitznas was suffering from an organic brain syndrome that caused him to act as he did. The magistrate judge found no merit to the remainder of Mr. Spitznas's arguments, on which we had ordered findings. He recommended that the habeas petition be denied.

Mr. Spitznas filed objections to the second supplemental report and recommendation. Among other arguments, he contended that (1) the magistrate

judge had failed to address whether the state judge's determination of competency was based upon a flawed, pre-*Cooper* standard of proof; and (2) the magistrate judge made no findings with regard to the failure of Mr. Spitznas's trial counsel to investigate his insanity at the time of the offense, as recommended by Dr. Dreyer in his letter to counsel. Mr. Spitznas contended that he was entitled to relief as to each of these issues.

In an order dated January 26, 2004, the district court adopted the magistrate judge's report and recommendation in its entirety, and denied the habeas petition. The district court did not specifically mention Mr. Spitznas's argument concerning the magistrate judge's failure to address the issue he had raised concerning the burden of proof at the competency hearing. As to the issue involving further investigation of an insanity defense, the district court stated that that issue "has never been raised by petitioner as part of his ineffective assistance of counsel claim." On April 14, 2004, we entered an order summarily affirming the denial of habeas corpus relief, for substantially the reasons stated in the magistrate judge's and district court's decisions.

### 5. Rule 60(b) Motion

On July 6, 2005, Mr. Spitznas filed in federal district court a Rule 60(b)(4) and (6) motion seeking relief from the district court's January 26, 2004, judgment, and a motion for leave to amend his habeas petition under Fed. R. Civ. P. 15(b). In his Rule 60(b) motion, Mr. Spitznas contended that the

district court denied him due process by improperly failing to rule on the merits of two of his habeas claims. The first claim was that his state trial counsel had failed to investigate his insanity defense before waiving it. This claim was based on the letter from Dr. Dreyer, which Mr. Spitznas contended should have prompted his counsel to further investigate the possible assertion of an insanity defense on his behalf. In opposition to the district court's finding that this claim had never been part of his habeas proceeding, Mr. Spitznas argued, in the alternative, that (1) either this claim had been part of his ineffective assistance claim all along, or (2) it had been tried at the evidentiary hearing by consent of the parties, and should therefore have been added to his case under Rule 15(b). Mr. Spitznas also argued that the district court had improperly failed to address his claim that his second post-examination competency hearing had been conducted using an improper standard of proof. Again, he asserted both that this issue had always been part of his habeas petition and that the district court should have amended his petition under Rule 15(b) to include it.

The district court entered a summary order denying both the Rule 60(b) motion and the application for leave to amend the petition. The order stated, for analysis, only that the 60(b) motion had been filed well beyond one year. Mr. Spitznas timely appealed from this order, and we granted him a COA.

## III. ANALYSIS

The district court denied Mr. Spitznas's Rule 60(b) motion, without determining whether it represented a second or successive § 2254 habeas petition. Our first task, therefore, is to consider each of the issues raised in the motion in order to determine whether it represents a second or successive petition, a "true" Rule 60(b) motion, or a mixed motion. For reasons we will explain, this motion is a "mixed" motion, and we will deal with it accordingly.

### A. "Standard of Proof for Competency" Issue

In this issue, Mr. Spitznas argues that neither the magistrate judge nor the district court ever addressed his argument that the Oklahoma trial court employed the wrong standard of proof when determining whether he had regained competency to participate in the proceedings resulting in his guilty plea. As we have detailed in the fact section of this opinion, the record reveals that the standard of proof claim was raised in his habeas petition and was continuously asserted throughout the habeas proceedings. Notwithstanding Mr. Spitznas's continued assertion of this claim, however, the district court never made a ruling on it.

Mr. Spitznas's contention that the district court failed to consider one of his habeas claims represents a "true" 60(b) claim. It asserts a defect in the integrity of the federal habeas proceedings. *See Gonzalez*, 125 S. Ct. at 2648. The defect lies not in the district court's resolution of the merits of the competency standard

-24-

claim (since it never reached those merits), but in its failure to make any ruling on a claim that was properly presented in Mr. Spitznas's habeas petition.

Having determined that this claim represents a "true" claim for Rule 60(b) relief, we must next determine whether Mr. Spitznas is entitled to a COA as to this claim. A COA may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The district court denied Mr. Spitznas's Rule 60(b) motion because it determined that the motion was untimely. In cases like this one, where the decision appealed from involves a procedural ruling of the district court, a COA may only issue if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We previously granted a COA to Mr. Spitznas on this claim. That COA, however, did not address whether it was debatable whether the district court was correct in its procedural ruling. We now determine that this procedural issue is in fact debatable. Mr. Spitznas brought his Rule 60(b) motion pursuant to subsections (4) and (6) of that rule. The one-year time limitation cited by the district court does not apply to a motion made under Rule 60(b)(4), which may be brought at any time. *See, e.g., Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994). Nor does it apply to a Rule 60(b)(6) motion, which must be brought

-25-

within a reasonable time.  *See* Fed. R. Civ. P. 60(b).  Thus clarified, we reaffirm our grant of COA to Mr. Spitznas.

Having granted a COA on this "true" ground for Rule 60(b) relief, we must next determine whether the district court erred in denying Mr. Spitznas Rule 60(b) relief on this claim.  For the reasons stated above, we conclude that the district court erred in determining that the motion was time-barred merely because it was a Rule 60(b) motion brought more than a year after judgment.  Remand is therefore required for the district court to resolve the following factual and legal issues in the first instance:

(1) Is Mr. Spitznas entitled to relief under Fed. R. Civ. P. 60(b)(4) as to his assertion that the district court failed to consider his unconstitutional burden of proof claim?

(2) If Mr. Spitznas is not entitled to relief under Rule 60(b)(4), is he entitled to relief under Rule 60(b)(6)?[11]  In answering this question, the district court should consider both whether the Rule 60(b)(6) motion was brought within a reasonable time and whether Mr. Spitznas has shown entitlement to relief under the rule.

---

[11]     A Rule 60(b)(6) motion may not be used as a vehicle to re-allege 60(b)(4) allegations.  *See State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1080 (10th Cir. 1996) (stating Rule 60(b)(6) relief may not be premised on one of the grounds enumerated in clause (b)(1) through (b)(5)).

(3) If Mr. Spitznas is entitled to relief under either rule, in the form of express consideration of his "wrong standard of proof" claim, is he entitled to habeas relief on that underlying claim?

### B. "Failure to Investigate Insanity Defense" Issue

Mr. Spitznas also argued in his Rule 60(b) motion that the district court failed to address his claim that trial counsel failed to investigate an insanity defense before raising it. In its order denying habeas relief, dated January 26, 2004, the district court specifically rejected this claim, finding that it had never been part of Mr. Spitznas's habeas petition and was in fact raised for the first time in his objections to the magistrate judge's second supplemental report and recommendation. Despite the necessary implication of this finding, the district court did not expressly rule that this claim was a second or successive application for § 2254 habeas relief.

Notwithstanding the lack of an express finding, we believe the district court could have reached no other conclusion than that Mr. Spitznas's claim was a successive habeas claim. We agree with that conclusion. Mr. Spitznas's claim that his trial attorney failed to investigate the possibility of asserting an insanity defense is based on his allegation that his attorney failed to follow up on Dr. Dreyer's letter. The claim, however, did not surface until after the letter was entered into evidence at the evidentiary hearing, years after Mr. Spitznas had filed his first federal habeas petition. This was a new claim based on new facts that

did not relate back to the filing date of the federal habeas petition. *See United States v. Espinoza-Saenz*, 235 F.3d 501, 503 & n.4 (10th Cir. 2000).

Because Mr. Spitznas's failure to investigate claim constitutes a successive habeas petition, his reassertion of that claim in his Rule 60(b) motion, in the guise of an attack on the district court's ruling that the claim could not be considered, is itself in reality a second attempt to assert a successive habeas claim. We therefore construe his appeal as an application to file a successive petition, and must decide whether to grant Mr. Spitznas authorization to file a successive application as to this claim.

In order to receive authorization to file a successive application, an applicant must make a prima facie showing that he satisfies the criteria in § 2244(b)(2). *See* 28 U.S.C. § 2244(b)(3)(C). That is, he must show that:

> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B). We need not consider whether Mr. Spitznas meets the second element of this inquiry, since the test is conjunctive and he fails the first element. The factual predicate for this claim is Dr. Dreyer's letter. That letter has been contained in the state district court file since the time Mr. Spitznas's pre-sentence report was prepared. Also, as we have noted, Mr. Spitznas's counsel

made reference to the letter during his sentencing proceedings, presumably in Mr. Spitznas's presence. Mr. Spitznas fails to show that the exercise of due diligence would not have uncovered the letter, or the basis for his claim, prior to the evidentiary hearing in this case. We therefore deny Mr. Spitznas authorization to file a successive claim concerning his trial attorney's alleged failure to investigate an insanity defense.

### C. Denial of Leave to Amend

We further hold that the district court did not abuse its discretion in denying Mr. Spitznas's motion for leave to amend his petition to add the insanity defense claim. Since the claim was successive and did not relate back to the filing of the petition, the district court had no authority to permit Mr. Spitznas to add a new ground for habeas relief, and could only dismiss the petition or transfer it to us for certification. *See Coleman*, 106 F.3d at 341.

### IV. CONCLUSION

We AFFIRM the district court's order denying Mr. Spitznas leave to amend his habeas petition. We VACATE the district court's decision denying Rule 60(b) relief on Mr. Spitznas's assertion that the district court improperly barred his claim concerning his trial attorney's alleged failure to investigate an insanity defense. Construing Mr. Spitznas' application for COA on that claim as a request for leave to file a successive application for § 2254 relief as to this issue, we DENY him leave. We REVERSE that portion of the district court's order

denying 60(b)(4) and (6) relief on Mr. Spitznas's true 60(b) claim, and REMAND

for further proceedings in accordance with this opinion.