FILED
United States Court of Appeals
Tenth Circuit

August 26, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FREDERICK OLUWOLE
SOLARIN,

Defendant-Appellant.

No. 11-1032
(D.C. No. 1:05-CR-00311-CMA-KMT-1)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

Frederick Oluwole Solarin, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal, for lack of jurisdiction, of his motion under Fed. R. Civ. P. 60(b) and his motion to take judicial notice. We deny a COA and dismiss this matter.

I.

Mr. Solarin was convicted of bank robbery by force or violence and carrying a firearm during and in relation to a crime of violence and sentenced to 244 months of imprisonment. *United States v. Solarin*, 250 F. App'x 887, 888 (10th Cir. 2007). He unsuccessfully pursued relief under 28 U.S.C. § 2255,

raising three claims: (1) when he was suspected of the robbery and taken into state custody for an alleged parole violation, his custody really was an unconstitutional federal arrest without a warrant or probable cause; (2) he gave an involuntary confession because his arrest was illegal and agents were coercive in interrogating him; and (3) his counsel was ineffective. The district court denied the first claim for procedural default, concluding that he had not shown cause for failing to raise the claim on direct appeal. For the same reason, it also applied procedural default to the aspect of the second claim alleging that his confession was involuntary because his arrest was illegal. It denied the remainder of the second claim and the third claim on the merits. This court denied a COA. *United States v. Solarin*, 383 F. App'x 772, 774 (10th Cir. 2010).

After this court's decision, Mr. Solarin filed a Rule 60(b) motion asking the district court to set aside its order denying relief under § 2255. He argued he showed cause for not raising his arrest-related claims on direct appeal and that the other claims were improperly decided. He also filed a separate Request to Take Judicial Notice Pursuant to Fed. R. Evid. 201(d). In a minute order, the district court denied both motions for lack of jurisdiction.

Mr. Solarin promptly moved for reconsideration, asserting that the court did have jurisdiction to hear his motions because he set forth "true" Rule 60(b) claims as discussed in *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006), and because judicial notice may be taken at any time. The court granted his

motion to reconsider, but again denied the motions for lack of jurisdiction. It held that the motions did not assert "true" Rule 60(b) claims, but instead effectively were successive motions for relief under § 2255 because they argued or reargued the merits of the rulings denying relief from his convictions. Because this court had not authorized the motions to be filed, the district court concluded it lacked jurisdiction to hear them. *See* 28 U.S.C. § 2255(h); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). It declined to transfer the motions to this court for authorization because "[t]he issues raised in Defendant's motions have been fully litigated. This Court and the Tenth Circuit concluded they have no merit," and therefore "transferring these motions to the Tenth Circuit is not in the interest of justice." R. at 131. Mr. Solarin appeals.

## II.

Mr. Solarin now seeks a COA to challenge the district court's disposition of his motions. The district court's ruling rests on procedural grounds, so he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner's postjudgment filing (however entitled) is effectively a second or successive § 2255 motion, subject to the restrictions of § 2255(h), if it asserts or reasserts claims of error in the prisoner's conviction. *See Gonzalez v. Crosby*,

-3-

545 U.S. 524, 531-32, 538 (2005); *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). But a filing is not subject to § 2255(h)

> if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Spitznas*, 464 F.3d at 1216.

Mr. Solarin argues that his motions attacked the district court's rulings on procedural default and the integrity of his § 2255 proceeding. In this case, however, the court's procedural rulings ultimately were based on a merits assessment. That is, in determining whether Mr. Solarin established cause for failing to raise his arrest-related claims on direct appeal, the district court concluded that his claims were not likely to succeed. And on appeal, this court stated that Mr. Solarin "failed to show any impropriety in [his] state arrest . . . for violating his parole. When a possible bank robber is at large, there is nothing wrong with law-enforcement agencies cooperating and using the simplest means to take him into custody." *Solarin*, 383 F. App'x at 774. It follows that, to overcome the previous holding regarding lack of cause, Mr. Solarin has to re-argue the merits of his arrest claim. Thus, even though he purports to challenge a procedural ruling and the integrity of the § 2255 proceeding, his motions were "effectively indistinguishable from alleging that [he] is, under the

substantive provisions of the statutes, entitled to habeas relief." *Gonzalez*, 545 U.S. at 532.

In an analogous situation, where a movant suggested that he was merely attacking a procedural ruling by requesting an evidentiary hearing, this court noted, "[w]hile the decision whether or not to hold an evidentiary hearing may be classified as a procedural ruling, the district court's decision not to hold an evidentiary hearing did not preclude a merits determination on [the movant's] § 2255 motion; it was the *result* of a merits determination." *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (per curiam). Similarly, the district court's finding that Mr. Solarin did not establish cause may be classified as a procedural ruling. In these circumstances, however, the court's decision did not preclude a determination of the merits of his arrest-related claims, but instead was the result of one.

Mr. Solarin does raise one argument that is not subject to the requirements of § 2255(h) (i.e., an argument we have called a "true" 60(b) claim), which is his allegation that the district court failed to rule on his claim that trial counsel was ineffective for failing to challenge his detention. *See Spitznas*, 464 F.3d at 1225. Thus, reasonable jurists could conclude the district court erred in its procedural decision regarding this issue. But he cannot also show that reasonable jurists would debate whether the issue presents a valid claim. The record indicates that the issue was addressed, with the magistrate judge concluding, albeit briefly, that

Mr. Solarin failed to rebut the presumption that "trial counsel's strategy was sound under the circumstances." Dist. Ct. Doc. 161 at 10.[1] The district judge subsequently adopted the magistrate judge's recommendations, and this court denied a COA. To the extent that Mr. Solarin believes this or any other claim was not *properly* adjudicated because of a lack of evidence, such arguments constitute arguing or re-arguing the merits. *See Gonzalez*, 545 U.S. at 531-32 & n.5; *Spitznas*, 464 F.3d at 1216.

III.

No reasonable jurist could debate whether the issues presented in Mr. Solarin's motions are "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted). The application for a COA is DENIED and this matter is DISMISSED. The motion to proceed without prepayment of costs or fees is GRANTED. The motion for free copies is DENIED.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

---

[1] This discussion was in conjunction with the analysis of the first claim, but the magistrate judge was not required to separately re-analyze counsel's performance and come to the same conclusion under the heading for claim three.