FILED
United States Court of Appeals
Tenth Circuit

November 28, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FREDERICK OLUWOLE SOLARIN,
JR.,

Defendant-Appellant.

No. 12-1274

(D. Colo.)

(D.C. Nos. 1:07-CV-02656-CMA and
1:05-CR-00311-CMA-KMT-1)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Frederick Solarin seeks a certificate of appealability (COA) to appeal the

district court's denial of his Federal Rule of Civil Procedure 60(b) motion in his

28 U.S.C. § 2255 proceeding. We construe Solarin's filings liberally because he

is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

1991).  The district court properly dismissed Solarin's motion.  Accordingly, we DENY the request for a COA and DISMISS the appeal.

# I.  Background

Solarin was convicted in district court of bank robbery while carrying a firearm and was sentenced to 244 months' imprisonment.  Because this is now the fourth time that Solarin's case has come before this court, we need not again recount the details or the procedural history of Solarin's case, which are amply covered in this court's other orders.  *See United States v. Solarin*, 437 F. App'x 700 (10th Cir. 2011); *United States v. Solarin*, 383 F. App'x 772 (10th Cir. 2010); *United States v. Solarin*, 250 F. App'x 887 (10th Cir. 2007).

Most recently, Solarin filed a Rule 60(b) motion in district court, requesting that it set aside its November 3, 2009 order dismissing Solarin's § 2255 petition.  The district court noted that, as a preliminary matter, it had to decide whether a Rule 60(b) motion filed in response to a denial of a § 2255 petition should be treated as a successive § 2255 motion or as a "true" Rule 60(b) motion.  The court determined that Solarin had filed a true 60(b) motion because he argued that the district court had failed to consider one of the claims in his original § 2255 petition.

The district court, nevertheless, concluded Solarin's claim was frivolous.  The court noted Solarin's original § 2255 petition asserted that new evidence had

-2-

surfaced justifying the court's consideration of an otherwise waived claim, and that the court had already addressed and rejected the "new evidence" argument. The court concluded there was no merit to Solarin's argument. The court also denied a motion to appeal *in forma pauperis* (IFP).

# II. Analysis

A Rule 60(b) motion can constitute a second or successive § 2255 motion, subject to the restrictions of § 2255(h), if it argues or reargues claims already rejected in a prior petition. *Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006). Yet a Rule 60(b) motion can be "true" if it

> either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Id.* at 1216 (quotations omitted).

Here, Solarin argues that the district court did not consider a claim put forward in his original § 2255 petition. On the surface this appears to be a "true" Rule 60(b) motion because it alleges that the district court did not consider one of his prior claims—which amounts to an attack on the "integrity of the federal habeas proceedings." *Id.* at 1225. Because the district court correctly treated Solarin's Rule 60(b) motion as "true," Solarin must seek a COA in order to appeal. *Id.* at 1217–18. The district court's ruling rests on procedural grounds,

so Solarin must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Solarin is unable to satisfy this standard.

On appeal, Solarin argues the district court erred in denying his Rule 60(b) motion by concluding it had previously addressed the "new evidence" claim. Yet the district court clearly did address his claim. In his original § 2255 petition, Solarin raised the "new evidence" claim in the context of his argument that he had been illegally arrested. Because Solarin did not raise the illegal arrest claim on direct appeal, the magistrate judge (to whom the petition was referred) correctly noted that the claim would be procedurally defaulted unless he could show good cause. In particular, he would have had to show why new evidence only became available after the conclusion of his direct appeal.

The magistrate judge and the district court rejected the new evidence claim. They found Solarin provided only conclusory allegations that the evidence was discoverable after the end of his direct appeal; thus, Solarin could not overcome procedural default. Moreover, the district court went ahead and addressed the merits of the illegal arrest argument and concluded it would not be successful. Thus, it is clear that the district court previously reviewed the merits of Solarin's "new evidence" claim.

To the extent Solarin argues that this procedural default claim "was not *properly* adjudicated"—because the district court did not look to the Arapahoe County court record before rejecting his claim—"such arguments constitute arguing or re-arguing the merits," and are barred under § 2255(h). *Solarin*, 437 F. App'x at 703 (emphasis in original) (quotations omitted). The last time this case was before this court, Solarin raised a substantially similar argument attacking the district court's procedural default ruling. *Id.* at 702–03. This court noted that the district court, in its original denial of Solarin's § 2255 petition, had already "concluded that his [underlying illegal arrest] claims were not likely to succeed." *Id.* at 703.

Thus, this court determined that in order to prevail on the procedural default ruling Solarin would have to "re-argue the merits of his arrest claim." *Id.* at 703. This is still true.

# III.  Conclusion

Having concluded that no reasonable jurist could disagree with the district court's dismissal, we DENY Solarin a COA and DISMISS the appeal.

Given that Solarin's arguments are frivolous, we agree with the district court that this appeal was not taken in good faith. Accordingly, we DENY Solarin's request to proceed IFP.

Because there is no conflict as to the opinions of this court, we also DENY

Solarin's Motion for En Banc Consideration.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge