**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TERRY MARGHEIM,

    Defendant - Appellant.

No. 17-1429
(D.C. Nos. 1:15-CV-00481-DME and
1:10-CR-00326-PAB-17)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

After the district court denied Terry Margheim's 28 U.S.C. § 2255 motion,

Margheim filed a motion for relief from judgment. *See* Fed. R. Civ. P. 60(b). The district

court denied Margheim's motion, and Margheim now seeks a certificate of appealability

(COA) so he can appeal the district court's decision.[1] *See Spitznas v. Boone*, 464 F.3d

1213, 1217–18 (10th Cir. 2006) (explaining that we require movant to obtain COA to

appeal order denying Rule 60(b) motion in habeas case). Because reasonable jurists

wouldn't find the district court's decision debatable or wrong, we deny Margheim's

---

[*] This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Margheim proceeds pro se, we liberally construe his pleadings. But we won't act as his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

request for a COA and dismiss this matter. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## Background

In relevant part, Margheim advanced two claims in his § 2255 motion. First, he argued that counsel was ineffective in "failing to properly research and argue" an allegedly meritorious speedy-trial issue. R. vol. 1, 54. Second, he argued that counsel was likewise ineffective in "fail[ing] to research and litigate proper application of" the United States Sentencing Guidelines. *Id.* at 56.

The district court rejected both claims. First, it pointed out that (1) Margheim raised a speedy-trial argument on direct appeal; (2) this court rejected that argument; and (3) Margheim couldn't "use [a] § 2255 proceeding to challenge the propriety of" this court's "decision to deny him relief on direct appeal." *Id.* at 86; *see also United States v. Margheim*, 770 F.3d 1312, 1331 (10th Cir. 2014) ("Margheim was not deprived of his statutory or Sixth Amendment right to a speedy trial."); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."). Moreover, to the extent Margheim was instead asserting that "counsel should have raised better, more persuasive speedy-trial arguments," the district court reasoned that Margheim wasn't "entitled to § 2255 relief because his new speedy-trial grounds for relief lack[ed] merit," and thus Margheim failed to demonstrate he was prejudiced by counsel's failure to raise those arguments. R. vol. 1, 87; *see also Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984) (explaining that

2

defendant advancing ineffective-assistance claim must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Next, the district court ruled that counsel wasn't ineffective in failing to argue that Margheim's 1990 Colorado conviction was "too stale to warrant any criminal history points." R. vol. 1, 88. In reaching that conclusion, the district court acknowledged that a state court initially sentenced Margheim for the 1990 Colorado offense more than 15 years before Margheim committed the underlying federal crimes. But the district court pointed out that as the result of an intervening parole violation, Margheim was nevertheless incarcerated for the 1990 offense until August 1994—a date that fell within 15 years of the date on which he committed the first of his underlying federal offenses. Thus, the district court reasoned, the sentencing court "correctly attributed three criminal history points to that [1990] state conviction." *Id.*; *see also* U.S.S.G. § 4A1.1(a) (adding three points "for each prior sentence of imprisonment exceeding one year and one month"; *id.* § 4A1.2(e)(1) (noting that "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted" and that court must "[a]lso count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period."); *id.* § 4A1.2(k)(2) ("Revocation of probation, parole, supervised release, special parole, or mandatory release may affect the time period under which certain sentences are counted . . . ."). And because "Margheim's challenge[] to the calculation of his criminal

3

history lack[ed] merit," the district court reasoned, counsel wasn't "ineffective for failing to raise" that challenge. R. vol. 1, 87–88.

After the district court denied Margheim's § 2255 motion, Margheim asked this court for a COA to appeal the district court's order. This court denied Margheim's request, concluding that because Margheim's underlying speedy-trial and criminal-history arguments failed, Margheim's claims that counsel was ineffective in failing to raise those arguments necessarily failed as well. Thus, this court reasoned, reasonable jurists wouldn't debate the district court's assessment of Margheim's ineffective-assistance claims. *See Slack*, 529 U.S. at 484.

Margheim then filed the instant Rule 60(b) motion, in which he argued that the district court erred in failing to fully resolve the merits of his § 2255 claims. The district court denied the motion, reiterating the original reasons it gave for denying Margheim's § 2255 motion: (1) Margheim couldn't use § 2255 to relitigate any speedy-trial arguments that this court rejected in his direct appeal; (2) to the extent that Margheim instead argued that counsel was ineffective in failing to adequately present his speedy-trial arguments, Margheim couldn't satisfy *Strickland*'s two-part test; and (3) because Margheim failed to demonstrate that his criminal-history argument entitled him to relief, he necessarily failed to demonstrate that counsel was ineffective in failing to raise that argument.

## Analysis

The district court denied Margheim's motion without expressly addressing whether it constituted a true Rule 60(b) motion or a second or successive § 2255 motion.

4

"Our first task, therefore, is to consider each of the issues raised in the motion in order to determine whether it represents a second or successive petition, a 'true' Rule 60(b) motion, or a mixed motion." *Spitznas*, 464 F.3d at 1224.

Because Margheim's motion argued that the district court erred in failing to address the merits of each of his § 2255 claims, we treat that motion as "a 'true' Rule 60(b) motion." *Id.*; *see also id.* at 1225 ("[Defendant's] contention that the district court failed to consider one of his habeas claims represents a 'true' 60(b) claim. It asserts a defect in the integrity of the federal habeas proceedings."); *United States v. Solarin*, 437 F. App'x 700, 703 (10th Cir. 2011) (unpublished) (treating as true Rule 60(b) argument defendant's assertion that district court failed to rule on his ineffective-assistance claim). Thus, before Margheim can appeal the district court's order denying his motion, he needs a COA. *See Spitznas*, 464 F.3d at 1217–18. And to obtain a COA, Margheim must show that (1) "jurists of reason would find it debatable whether" he has "state[d] a valid claim of the denial of a constitutional right" and (2) " jurists of reason would find it debatable whether the district court was correct in its procedural ruling[s]." *Slack*, 529 U.S. at 484; *see also Spitznas*, 464 F.3d at 1225 (applying *Slack* standard to determine whether defendant was entitled to COA to appeal denial of true Rule 60(b) claim).

In his combined opening brief and request for a COA, Margheim asserts that the district court failed to fully "address[] [his] legal arguments" in support of his claims that counsel was ineffective in failing to adequately research and present (1) his speedy-trial argument and (2) his criminal-history argument. Aplt. Br. 3. But in denying Margheim's request for a COA to appeal the district court's denial of his § 2255 motion, a panel of

5

this court has already determined that Margheim suffered no prejudice as a result of counsel's allegedly deficient performance. That is, a panel of this court has already concluded that "jurists of reason would [not] find it debatable whether" Margheim has "state[d] a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484. And we decline to revisit that decision. *See United States v. Trent*, 884 F.3d 985, 994 (10th Cir. 2018) (explaining that under law-of-the-case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case" (quoting *United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991))). Accordingly, we deny Margheim's request for a COA and dismiss this matter.

Entered for the Court

Nancy L. Moritz
Circuit Judge

6