**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MARTIN MEZA,

    Petitioner - Appellant,

v.

STATE OF NEW MEXICO,

    Respondent - Appellee.

No. 25-2028
(D.C. No. 2:24-CV-00650-KG-JHR)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Martin Meza is a New Mexico prisoner serving a ninety-year prison sentence

for multiple sexual abuse convictions.  He previously filed a 28 U.S.C. § 2254

petition, which the district court dismissed as untimely.  *See Meza v. Martinez*,

491 F. Supp. 3d 999, 1006 (D.N.M. 2020) (dismissing Meza's claims as "barred by

the § 2244(d) statute of limitations").

Four years later, in June 2024, Meza filed a new § 2254 petition alleging five

claims.  The district court dismissed that petition for lack of jurisdiction because it

fell within the definition of a "second or successive" petition under § 2244(b) and

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

this court had not authorized Meza to bring the petition as required by § 2244(b)(3)(A). Meza then filed a notice of appeal from the dismissal of his June 2024 petition, resulting in this proceeding, and he moved for a certificate of appealability (COA). Whether to issue a COA is the issue now before us.

To merit a COA, Meza must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And he must make an extra showing in this circumstance because the district court resolved his motion on a procedural basis, namely, lack of jurisdiction. So he must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Although Meza says he is asking for a COA, it is clear in context that he is actually asking for authorization to file his second or successive habeas claims. He never mentions the COA standards, such as § 2253(c)(2) and *Slack*. He instead repeatedly focuses on the requirements for second or successive petitions as established in § 2244(b)(2), and he attempts to explain why his claims fit those requirements.

"[W]e may, but are not required to, exercise discretion to construe a request for a certificate of appealability as an application to file a second or successive petition, . . . as warranted in the interests of justice." *Spitznas v. Boone*, 464 F.3d 1213, 1219 n.8 (10th Cir. 2006). At first glance, this seems like a good case for the

2

exercise of such discretion. It is, for example, the opposite of a problem the Fourth Circuit has pointed out in this context, "when a petitioner-appellant has focused his briefing on challenging the reasoning of the district court's dismissal, instead of detailing his grounds for pre-filing authorization of a successive petition," *Jones v. Braxton*, 392 F.3d 683, 690 (4th Cir. 2004). Meza has instead focused on "detailing his grounds for pre-filing authorization of a successive petition" and ignored "the reasoning of the district court's dismissal."

But one circumstance causes us to hesitate before construing his COA motion as a motion for authorization. In the district court, Meza brought five claims for habeas relief, including a claim that the State allegedly failed to disclose exculpatory evidence (the results of a rape kit test). In the motion before us, Meza says in an introductory paragraph that he wants authorization for those same five claims. But the argument that follows contains nothing about the alleged failure to disclose exculpatory evidence. There is, instead, what seems to be a new claim challenging whether the indictment gave him fair notice of the charges against him.

Under the circumstances, it appears Meza may have not carefully considered the claims for which he seeks authorization. We therefore exercise our discretion *not* to treat his COA motion as a motion for authorization to file a second or successive habeas petition. This course of action preserves Meza's opportunity to bring all the arguments he wishes to make in a properly filed motion for authorization, should he choose to do so.

3

Because Meza has failed to argue that he deserves a COA under § 2253(c)(2) and *Slack*, we deny a COA and dismiss this proceeding. In the letter transmitting this decision to Meza, the Clerk shall include a copy of this court's standard form for motions for authorization to bring a second or successive habeas petition.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk