**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARTIN GALINDO,

Defendant - Appellant.

No. 11-3265
(D.C. Nos. 6:10-CV-01171-WEB &
6:07-CR-10199-WEB-1)
(D. Kansas)

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Defendant Martin Galindo, a federal prisoner, challenged his conviction by motion under 28 U.S.C. § 2255 in the United States District Court for the District of Kansas. The motion was denied and we affirmed on appeal. He then sought relief from the denial of his § 2255 motion by filing a motion under Fed. R. Civ. P. 60(b)(6). The district court denied the motion. Defendant now seeks a certificate of appealability (COA) from this court to appeal the denial. *See Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006) (a COA is required to appeal from the denial of a Rule 60(b) motion in a proceeding under § 2255). We deny his application for a COA and dismiss the appeal, because his Rule 60(b) motion is foreclosed by our ruling on his prior appeal.

## I.    BACKGROUND

Defendant pleaded guilty under a plea agreement to possession with intent to distribute methamphetamine and possession of a firearm in relation to a drug-trafficking crime.  Under the agreement he waived his right to appeal or to bring a collateral attack on his conviction or sentence.  He was sentenced on May 27, 2008, to 168 months' imprisonment.  He did not appeal, but on May 27, 2010, he filed a motion for relief under § 2255.  Among other things, he claimed that his defense counsel had been ineffective because he failed to file a direct appeal despite Defendant's request.  Although Defendant acknowledged that his motion was not timely under the Antiterrorism and Effective Death Penalty Act, *see* 28 U.S.C. § 2255(f) (setting one-year limitation period), he claimed that he was entitled to equitable tolling for several reasons, including the ineffectiveness of his attorney in failing to honor his request to appeal his conviction, and he requested an evidentiary hearing on the tolling issue.

The district court denied relief, Defendant appealed, and we affirmed. Addressing Defendant's contention that he was entitled to an evidentiary hearing, we wrote:

> Even assuming that [Defendant] asked his attorney to file an appeal and that—as [he] implicitly asserts—he believed his sentence had been appealed, the statute of limitations still bars his claim because he filed his habeas petition a full year *after* the statute had run. Although [Defendant] may have reasonably thought for a few months that his attorney had filed a notice of appeal, he did not diligently pursue his claims because he apparently took no action to inquire

regarding the status of his direct appeal and because he waited two full years to file his habeas petition.

R., Vol. 1 at 183–84 (brackets, citation, and internal quotation marks omitted).

Defendant then filed his Rule 60(b) motion in district court. The motion requested the court to vacate the denial of habeas relief and hold an evidentiary hearing on whether Defendant had "unequivocally instructed" his attorney to file a direct appeal. Motion for Relief, *Galindo v. United States*, No. 10-111 (D. Kansas Aug. 1, 2011) (R., Vol. 1 dist. ct. docket add. at 14). The motion was not accompanied by any additional evidence on this issue,[1] and the district court denied it.

## II.     DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must

---

[1] Defendant has submitted additional evidentiary materials to this court. But we consider only the district-court record. *See United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) ("This court will not consider material outside the record before the district court.").

show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

Here, Defendant's claim is foreclosed by our holding on his prior appeal. No reasonable jurist could dispute the district court's ruling below.

## III.    CONCLUSION

We DENY Defendant's application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge