FILED
United States Court of Appeals
Tenth Circuit

June 12, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NARENDRA CHAND,

        Petitioner−Appellant,

v.

JOE ROMERO, Warden; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

        Respondents−Appellees.

No. 12-2027
(D.C. No. 2:06-CV-00444-RB-RHS)
(D. N.M.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**[*]

Before **LUCERO**, **EBEL**, and **HOLMES**, Circuit Judges.

Narendra Chand, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's decision to construe his Fed. R.

Civ. P. 60(b) motion as an unauthorized second or successive 28 U.S.C. § 2254

habeas petition and dismiss it for lack of jurisdiction. We deny a COA and dismiss

the matter.

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2004, Mr. Chand entered a guilty plea to state charges of second degree murder, aggravated burglary, interference with communications, and kidnaping. He was sentenced to forty-seven years and 364 days, of which eight years was suspended, for an actual sentence of forty years less one day. He filed a motion to reconsider his sentence, which was denied. He then filed a petition for a writ of habeas corpus in state court. That petition was denied. In May 2006, Mr. Chand filed a § 2254 habeas petition. The district court denied the petition. Mr. Chand did not appeal that decision.

In August and September 2011, Mr. Chand filed motions in this court seeking authorization to file a second or successive § 2254 habeas petition. Both of his requests were denied. In December 2011, Mr. Chand filed a 60(b) motion in district court. The district court concluded that the 60(b) motion constituted an attempt to file a second or successive § 2254 claim without prior authorization and dismissed the motion for lack of jurisdiction.

Mr. Chand now seeks a COA to appeal from the district court's dismissal. To obtain a COA, Mr. Chand must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2254 habeas claim unless he first obtains an order from the circuit court authorizing the district court to consider

the claim. 28 U.S.C. § 2244(b)(3)(A). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 claim. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). A 60(b) argument should be treated as a second or successive § 2254 claim "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A 60(b) argument should not be treated as a successive § 2254 claim if it "challenges a defect in the integrity of the federal habeas proceeding," as long as "such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1216.

Relying on *Spitznas*, Mr. Chand contends that he was challenging a defect in the integrity of his federal habeas proceeding because the district court failed to address his claim that he was actually innocent of the kidnaping charge. In *Spitznas*, we noted that the failure to address a claim can qualify as a 60(b) argument because "[t]he defect lies not in the district court's resolution of the merits of the . . . claim (since it never reached those merits), but in its failure to make any ruling on a claim that was properly presented." *Id.* at 1225. The key difference between *Spitznas* and Mr. Chand's case, however, is that the petitioner in *Spitznas* "properly presented" a claim in his first habeas that the district court failed to review, whereas Mr. Chand failed to properly present a claim for actual innocence in his first habeas petition and instead sought to raise this new claim through his 60(b) motion.

In *Spitznas*, "the record reveal[ed] that the standard of proof claim was raised in [petitioner's] habeas petition and was continuously asserted throughout the habeas proceedings. Notwithstanding [petitioner's] continued assertion of this claim, however, the district court never made a ruling on it." *Id*. at 1224. We therefore concluded that the petitioner in *Spitznas* was properly asserting a Rule 60(b) argument and not a second or successive habeas claim. *Id*. at 1225.

In contrast, the district court here explained that "Mr. Chand failed to raise any claim of actual innocence of kidnaping, or actual innocence of any other crime, in his habeas petition, the addendum to the habeas petition, or the second addendum to the habeas petition." R. at 315-16. The district noted that in Mr. Chand's third supplement to his habeas petition, he "does refer to innocence and kidnaping in the same sentence, but stops short of explaining enough for a court to assume he is asserting actual, factual innocence." *Id*. at 316. The district court further noted that "[t]his third supplement to the habeas petition is 46 pages and mostly incomprehensible due to a stream of consciousness writing style." *Id*. The district court concluded by explaining:

> While Mr. Chand is correct that the Court's review of the first habeas petition and all of the supplements did not include an analysis of a claim of actual innocence of kidnaping, this does nothing to attack the integrity of the Court's decision because the Court did consider the claims that Mr. Chand did raise in his habeas petition and three addendums.

*Id*.

Because Mr. Chand's 60(b) motion "continue[d] to argue against his state court conviction by asserting a new claim, rather than actually attacking the integrity of the first federal habeas petition," the district court determined that Mr. Chand was not presenting a proper 60(b) argument but was instead attempting to assert a second or successive habeas claim. *Id*. at 316-17. The district court further determined that it was not in the interest of justice to transfer Mr. Chand's successive claim to this court for authorization as Mr. Chand had previously sought authorization for this claim on two other occasions. The court therefore dismissed the claim for lack of jurisdiction.

Unlike the petitioner in *Spitznas*, Mr. Chand did not properly present an actual-innocence claim in his first habeas petition or any of his addendums or supplements. His 60(b) motion therefore was not challenging a defect in the integrity of the habeas proceeding but was seeking instead to raise a new claim for habeas relief. Reasonable jurists could not debate that the district court was correct in its procedural ruling to treat Mr. Chand's 60(b) motion as an unauthorized second or successive § 2254 petition and dismiss it for lack of jurisdiction. Accordingly, we DENY a COA and DISMISS this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 5 -