FILED
United States Court of Appeals
Tenth Circuit

July 11, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NAREND CHAND,

      Plaintiff-Appellant,

v.

ERASMO BRAVO, Warden;
STATE OF NEW MEXICO,

      Defendants-Appellees.

No. 13-2099
(D.C. No. 2:06-CV-00444-RB-RHS)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **O'BRIEN** and **TYMKOVICH**, Circuit Judges.

Narend Chand[1], a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's decision to dismiss his motion to

reopen and attached proposed 28 U.S.C. § 2254 petition as an unauthorized second or

successive habeas petition. We deny a COA and dismiss this matter.

Mr. Chand was convicted of state charges of second degree murder,

aggravated burglary, interference with communications, and kidnapping. He is

---

[*]    This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    Mr. Chand has also used the name "Narendra Chand."

serving a sentence of thirty-nine years and 364 days. As detailed by the district court in its dismissal order, Mr. Chand has initiated seven unsuccessful attacks on his convictions and sentence, including an initial § 2254 habeas petition that was denied in 2007.

Last year, Mr. Chand sought a COA from this court to appeal the district court's decision to construe his Fed. R. Civ. P. 60(b) motion as an unauthorized second or successive § 2254 habeas petition and dismiss it for lack of jurisdiction. *See Chand v. Romero*, 484 F. App'x 260, 261 (10th Cir. 2012). Mr. Chand had argued that he was entitled to 60(b) relief because the district court had failed to rule on his claim that he was actually innocent of the kidnapping charge. *Id*. at 261. We agreed with the district court, however, that "Mr. Chand did not properly present an actual-innocence claim in his first habeas petition or any of his addendums or supplements. His 60(b) motion therefore was not challenging a defect in the integrity of the habeas proceeding but was seeking instead to raise a new claim for habeas relief." *Id*. at 262. We therefore denied his request for a COA. *Id*.

A few months after we denied his COA request, Mr. Chand sought authorization to file a second or successive § 2254 habeas petition to bring a claim that he was actually innocent of the kidnapping charge. This was his third attempt at seeking authorization. We denied the motion because Mr. Chand had failed to meet the standard for authorization in 28 U.S.C. § 2244(b)(2), which requires a new rule of constitutional law or newly discovered evidence showing that, but for constitutional

error, he would not have been found guilty of the underlying offense. We also "cautioned Mr. Chand that persisting in filing motions for authorization that do not satisfy the statutory standards might result in the imposition of filing restrictions." *In re Chand*, No. 12-2197, Order at 4 (10th Cir. Dec. 7, 2012) (unpublished).

In May 2013, Mr. Chand filed a motion in district court, which he styled "Request for Chief Federal Judge to Review the § 2254 Petition," R. at 458, and included a new proposed § 2254 habeas petition. As the district court explained in ruling on the motion, "Petitioner characterizes his motion as seeking this Court's review of a new § 2254 petition. His central new claim is that this Court failed to rule on his claim of innocence of a kidnapping charge." *Id*. at 550. The district court then referred to our earlier order denying COA in which we concluded that "Mr. Chand did not properly present an actual-innocence claim in his first habeas petition or any of his addendums or supplements." *Id*. (internal quotation marks omitted). Given these circumstances, the district court determined that Mr. Chand's "motion to reopen and the attached § 2254 petition attempt, once again, to raise the omitted innocence claim and thus amount to a second or successive petition." *Id*. The district court further determined that it was not in the interest of justice to transfer the successive petition to this court and dismissed it for lack of jurisdiction. *Id*. at 550-51.

Mr. Chand now seeks a COA to appeal from the district court's dismissal. To obtain a COA, Mr. Chand must show "that jurists of reason would find it debatable

- 3 -

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Chand's COA application attempts to relitigate the same issue we resolved in our COA denial order from last year. Reasonable jurists could not debate that the district court was correct to treat Mr. Chand's motion as an attempt to once again assert an unauthorized second or successive habeas claim and dismiss it for lack of jurisdiction. Accordingly, we deny his request for a COA. We also deny his "Motion for Certified Questions to be Reviewed and Answered by the Chief Judge Ms. Briscoe."

We caution Mr. Chand that any further attempts to assert a claim that he is actually innocent of the kidnapping charge or that the district court failed to rule on a claim that he is actually innocent of the kidnapping charge may result in the imposition of sanctions, including filing restrictions.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk