FILED
United States Court of Appeals
Tenth Circuit

August 23, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MIKEL RAY HENDERSON,

        Petitioner - Appellant,

        v.

DAVID L. PARKER, Warden,

        Respondent - Appellee.

No. 13-7028

(D.C. No. 6:10-CV-00283-JHP-KEW)

(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY** and **MURPHY**, Circuit Judges.

Petitioner, a state prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his Rule 60(b) motion for reconsideration of the denial of his § 2254 habeas petition. An Oklahoma jury convicted Petitioner of unlawful possession of pseudoephedrine, and he was sentenced to life imprisonment and a $100,000 fine. The Oklahoma Court of Criminal Appeals affirmed Petitioner's conviction. Petitioner then filed an application for post-conviction relief in state court alleging thirteen errors in the underlying proceeding. The state court denied Petitioner's application, and the OCCA affirmed. Petitioner then filed a federal habeas petition asserting four grounds of error, including prosecutorial misconduct—the ground that is

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the subject of this appeal. Petitioner later filed a motion to amend, seeking to supplement his petition to include briefing on a fifth claim of ineffective assistance of appellate counsel that had been omitted from his original petition "either through inadvertence or human error." (R. at 212.) The magistrate judge construed Petitioner's motion to amend as a motion to supplement and accepted his supplemental brief. The district court subsequently denied Petitioner's petition, explicitly discussing only the four grounds raised in his original petition. With regard to Petitioner's claim of prosecutorial misconduct, the district court concluded the claim was procedurally barred because it had not been "raised in Petitioner's direct appeal nor in the appeal from the denial of his post-conviction application." (R. at 255.) This court then denied Petitioner's application for a certificate of appealability. In doing so, we described Petitioner's prosecutorial misconduct claim as "unexhausted" and agreed with the district court that it was procedurally barred. (R. at 285.)

Following entry of our order denying a certificate of appealability, Petitioner filed a motion in the district court for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. He argued the district court "wrongly found that the issue of prosecutorial misconduct was procedurally barred from consideration because 'this issue was not raised in Petitioner's appeal from the denial of his post-conviction application,'" when, in fact, "the appeal record clearly reflects that the issue . . . was raised in state post-conviction proceedings and that the 'OCCA' decided the issue." (R. at 291 (quoting District Ct. Op. & Order) (capitalization standardized).) In support of his argument,

Petitioner attached an excerpt from his state court application for post-conviction relief containing briefing on "Proposition Five," "Prosecutor[i]al Misconduct." (R. at 293 (capitalization standardized).) Shortly thereafter, Petitioner filed a motion to show cause, seeking an explanation as to why the district court "failed to rule on his ground five (5) on his writ of habeas corpus application" that had been submitted with his motion to amend. (R. at 301 (capitalization standardized).) Petitioner additionally requested that the district court "review his ineffective assistance of appellate counsel claim[] on its merits." (R. at 302 (capitalization standardized).)

The district court issued an order denying "Petitioner's Motion for Rule 60(b) relief" without specifically referring either to Petitioner's "Motion for Relief from Judgment" or his "Motion to Show Cause." (*See* R. at 316.) The district court began by treating Petitioner's motion as a "true" Rule 60(b) motion rather than a second or successive § 2254 petition because Petitioner's motion did not challenge the merits of his conviction. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (explaining a Rule 60(b) motion "is a 'true' 60(b) motion if it . . . challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application"). Specifically, the district court characterized the substance of Petitioner's motion as "alleg[ing] this Court made a mistake by failing to consider his fifth proposition of error which was contained in a 'Motion to Amend[,]' which the magistrate judge construed as [] a supplemental brief." (R. at 315 (citations omitted).) This was the argument that had been raised in Petitioner's motion to show cause, not his motion for relief from judgment.

(*See* R. at 301-02.)  The district court denied Petitioner's motion, concluding that,

"[w]hile the Court did not specifically address as 'Proposition Five' what was contained

in the supplemental brief in its Order dismissing this case, the Court did consider the

matters contained in the supplemental brief in conjunction with the Petitioner's arguments

regarding prosecutorial misconduct."[1]  (R. at 315.)  The district court made no mention of

Petitioner's argument contained in his motion for relief from judgment.

Petitioner now seeks a certificate of appealability to appeal the district court's

order denying his Rule 60(b) motion for relief from judgment, again arguing that the

district court erred in refusing to consider his claim of prosecutorial misconduct on the

merits because its refusal to do so was based on the mistaken belief that Petitioner had not

raised his prosecutorial misconduct claim in the state courts.  Petitioner maintains the

original mistake was "compounded . . . when the Court denied Rule 60(b) relief because

the prosecutorial misconduct claim had been considered on its merits by the Court."[2]

_____

[1] In doing so, the district court appears to have been referring to the substance of Petitioner's prosecutorial misconduct claim—which was titled "Proposition Five"—asserted in Petitioner's state court application for post-conviction relief, an excerpt of which was attached to Petitioner's motion for relief from judgment.  As a result, the district court failed to address the actual argument contained in Petitioner's motion to show cause:  that the district court had failed to consider Petitioner's ineffective assistance of counsel claim contained in "Ground Five" (R. at 215) of his supplemental brief in the federal habeas case.  However, even construing Petitioner's application for a certificate of appealability liberally, Petitioner does not seek a certificate of appealability to appeal the district court's denial of his motion to show cause.  Accordingly, we do not address the merits of that motion.

[2] Petitioner appears to believe that the district court addressed the substance of his motion for relief from judgment but rejected his argument because it erroneously thought it had, in its original order, decided his prosecutorial misconduct claim on the merits.  Our

-4-

(Appellant's Br. at 5.)

Where, as here, "the district court correctly treated the [petitioner's Rule 60(b)] motion . . . as a 'true' Rule 60(b) motion and denied it, we will require the movant to obtain a certificate of appealability . . . before proceeding with his or her appeal." *Spitznas*, 464 F.3d at 1217-18. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Although the district court failed to consider Petitioner's argument contained in his motion for relief from judgment, after having thoroughly reviewed the briefs and the record on appeal—including Petitioner's supplement to the record—we conclude reasonable jurists would not debate whether this argument justified relief under Rule 60(b) from the court's earlier decision denying Petitioner's § 2254 petition. We must begin by acknowledging that the district court and this court erred in characterizing

_____

review of the record, however, reveals that despite the district court's reference to Petitioner's Rule 60(b) motion, it did not address the substance of his motion for relief from judgment. Rather, as discussed in footnote 1, the district court appears to have considered an inaccurate version of the argument contained in Petitioner's motion to show cause: that the district court failed to consider the substance of Petitioner's prosecutorial misconduct claim as stated in "Proposition Five" of his application for state post-conviction relief rather than the substance of Petitioner's ineffective assistance of appellate counsel claim stated in "Ground Five" of his supplemental brief in the federal habeas case.

-5-

Petitioner's prosecutorial misconduct claim as "unexhausted." The record supports Petitioner's assertion that this claim was in fact presented to the state court in Petitioner's application for state post-conviction relief. (R. at 293-95; Appellant's Br., Ex. D.) However, the state court concluded this claim, along with several others, was procedurally barred because it "could have been raised on direct appeal [but was] not." (R. at 229-30.) Accordingly, although the district court's characterization of Petitioner's prosecutorial misconduct claim was in error, its ultimate conclusion in its original order that Oklahoma's procedural bar—which the district court characterized as "anticipatory" rather than having already occurred (R. at 250)—precluded federal habeas review of Petitioner's prosecutorial misconduct claim was correct: "When a state court dismisses a federal claim on the basis of noncompliance with adequate and independent state procedural rules, federal courts ordinarily consider such claims procedurally barred and refuse to consider them." *Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012). As we previously concluded, Petitioner "has not established actual innocence to the degree required to excuse [t]his procedural default." (R. at 287.) Petitioner does not challenge this conclusion. And, to the extent Petitioner argues that "cause and prejudice" exist because his appellate counsel was ineffective for not raising his prosecutorial misconduct claim on direct appeal, *see Trevino v. Thaler*, 133 S. Ct. 1911, 1917 (2013) ("[I]neffective assistance of counsel on *direct appellate review* could amount to 'cause,' excusing a defendant's failure to raise (and thus procedurally defaulting) a constitutional claim." (emphasis in original)), we see no error in the OCCA's conclusion that Petitioner failed to

establish ineffective assistance of appellate counsel (R. at 201).

For the foregoing reasons, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.  Petitioner's motion to supplement the record is **GRANTED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge