**Wallace L. DIXON, III, Petitioner-Appellant,**

v.

**James HEIMGARTNER, Respondent-Appellee.**

No. 16-3154, No. 16-3223, No. 16-3253

United States Court of Appeals, Tenth Circuit.

Filed November 8, 2016

Wallace L. Dixon, III, Pro Se

Kristafer R. Ailslieger, Office of the Attorney General for the State of Kansas, Topeka, KS, for Respondent-Appellee

Before HARTZ, MURPHY, and PHILLIPS, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Michael R. Murphy, Circuit Judge

These matters are before the court on Wallace Dixon's pro se request for a certificate of appealability ("COA"). Dixon seeks a COA so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A). Because he has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** Dixon's request for a COA and **dismisses** these appeals.

A Kansas state jury convicted Dixon on "two counts of felony murder and other offenses arising out of an apartment explosion in Emporia." *State v. Dixon*, 289 Kan. 46, 209 P.3d 675, 679 (2009). The Kansas Supreme Court affirmed Dixon's convictions. *Id.* at 692. The Kansas Court of Appeals thereafter denied Dixon's request, pursuant to Kan. Stat. Ann. § 60–1507, for collateral relief. *Dixon v. State*, 281 P.3d 179 (Kan. Ct. App. 2012) (table). The Kansas Supreme Court declined further review of the denial of collateral relief in an unpublished order. Dixon then filed the instant § 2254 habeas petition raising multiple claims, many of which involved allegations of constitutionally ineffective assistance of counsel.

In an order dated May 6, 2016, the district court undertook a thorough review of the claims set out in Dixon's habeas petition. The district court segmented its analysis of Dixon's § 2254 petition into a section dealing with alleged trial court errors and a section dealing with allegations of ineffective assistance of counsel. As to Dixon's allegations of trial court error, the district court concluded one of the alleged errors was procedurally defaulted and the remainder did not satisfy the rigorous test for habeas relief set out in § 2254(d). As to Dixon's claims of constitutionally ineffec-

tive assistance of counsel, the district court concluded a large majority of those claims were procedurally barred because, although initially raised in Dixon's Kan. Stat. Ann. § 60–1507 petition, Dixon did not challenge the denial of the claims in his appeal to the Kansas Court of Appeals. As to the claims that were properly exhausted in state court, the district court noted that in affirming the denial of collateral relief, the Kansas Court of Appeals focused its analysis exclusively on *Strickland*'s prejudice prong. *Cf. Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that to prove an ineffective assistance claim, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense). The district court concluded the decision of the Kansas Court of Appeals that Dixon had not demonstrated prejudice was neither contrary to, nor an unreasonable application of, Supreme Court precedent. 28 U.S.C. § 2254(d)(1); *see also Knowles v. Mirzayance*, 556 U.S. 111, 123, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009) (holding that because the rule set out in *Strickland* is general in nature, "a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard"). Having disposed of all Dixon's habeas claims, the district court denied Dixon's § 2254 petition.

In response to the district court's denial of his habeas petition, Dixon filed a series of motions which, in one form or another, requested that the district court stay resolution of his habeas petition while he sought to exhaust in state court the claims he previously abandoned on appeal to the Kansas Court of Appeals from the denial of his Kan. Stat. Ann. § 60–1507 petition. In an admirably patient series of orders, the district court explained the nu-

merous reasons such a course of action was entirely unwarranted.[1]

The granting of a COA is a jurisdictional prerequisite to Dixon's appeal from the denial of his § 2254 petition. *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). To be entitled to a COA, Dixon must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El,* 537 U.S. at 336, 123 S.Ct. 1029 (quotations omitted). In evaluating whether Dixon has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338, 123 S.Ct. 1029. Although Dixon need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* The district court's denial of Dixon's request for a stay of the habeas proceedings pending further litigation in state court is reviewed for abuse of discretion. *Ryder ex rel. Ryder v. Warrior,* 810 F.3d 724, 736 (10th Cir. 2016).

Having undertaken a review of Dixon's appellate filings, the district court's numerous orders, and the entire record before this court, we conclude Dixon is not entitled to a COA. In so concluding, this court has nothing to add to the comprehensive analysis set out by the district court in its dispositive orders. Fur-thermore, the district court acted well within the bounds of its discretion in concluding, inter alia, it was entirely unlikely the Kansas state court would address Dixon's defaulted claims of ineffective assistance and, therefore, the equities strongly weighed against a stay of the federal habeas proceedings. Accordingly, this court **DENIES** Dixon's request for a COA and **DISMISSES** these appeals.

---

1. Because these motions did not "assert[ ] or reassert[ ] a federal basis for relief from [Dixon's] underlying conviction[s]," *Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006), the motions do not amount to second or successive habeas petitions. Thus, the district court had jurisdiction to resolve the motions on the merits.