**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TERRY J. MCINTYRE, JR.,

    Defendant - Appellant.

No. 18-3090
(D.C. Nos. 2:11-CV-02554-CM &
2:06-CR-20047-CM-JPO-3)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Terry McIntyre, Jr., seeks a certificate of appealability ("COA") to appeal the

district court's denial of his Fed. R. Civ. P. 60(b) motion.  We deny a COA and

dismiss the appeal.

**I**

In 2009, McIntyre was convicted of several drug and firearm charges.  He was

sentenced to 322 months' imprisonment, later reduced to 300 months.  McIntyre

moved to vacate his sentence under 28 U.S.C. § 2255.  He subsequently filed a

motion to supplement his § 2255 motion.  The district court denied relief in

December 2012.

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

McIntyre filed a Rule 60(b) motion in 2017, claiming that the district court should have treated his prior motion to supplement as a Fed. R. Civ. P. 59(e) motion. The district court concluded that McIntyre's Rule 60(b) motion, filed more than four years after the denial of his § 2255 motion, was not submitted "within a reasonable time" as required by Rule 60(c)(1). In an abundance of caution, the district court also addressed the merits, holding that relief was not appropriate because McIntyre did not present any extraordinary or exceptional circumstances. It also denied a COA. McIntyre now seeks a COA from this court.

## II

A prisoner must obtain a COA to appeal the denial of a Rule 60(b) motion in a habeas case, to "prevent frivolous cases from clogging appellate dockets [and] promote finality." Spitznas v. Boone, 464 F.3d 1213, 1218 (10th Cir. 2006).[1] We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, McIntyre must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

McIntyre has failed to satisfy the standard articulated in Slack. A Rule 60(b) motion filed four years after the denial of habeas relief, without any intervening

---

[1] We agree with the district court that McIntyre's motion was a "true" Rule 60(b) motion because it challenged a procedural aspect of the prior habeas proceeding. See id. at 1216.

special circumstances, is not filed within a reasonable time.  See <u>Sorbo v. United</u>

<u>Parcel Serv.</u>, 432 F.3d 1169, 1178 (10th Cir. 2005) (concluding that Rule 60(b)

motion filed a year after judgment was not made within a reasonable time).

### III

We **DENY** a COA and **DISMISS** the appeal.  We **GRANT** McIntyre's motion

to refile his application to proceed in forma pauperis ("IFP"), and **GRANT** him IFP

status on appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge