**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 19, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

v.

GERALD PAUL HEADLEY, JR.,

    Defendant – Appellant.

No. 24-8061
(D.C. Nos. 1:18-CV-00193-SWS &
1:16-CR-00226-SWS-1)
(D. Wyo.)

_____

**ORDER**
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

This case grew out of a federal conviction of Mr. Gerald Paul Headley, Jr. for two counts of abusive sexual contact with a minor. Mr. Headley moved for post-conviction relief in district court. When this motion was denied, Mr. Headley requested relief from the order, invoking Rule 60(b)(6). The court denied this request, too, and Mr. Headley wants to appeal. To do so, however, he needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); *see Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006) (requiring a certificate of appealability in order to appeal the denial of a Rule 60(b) motion from the denial of habeas relief).

A judge can issue a certificate only if Mr. Headley's appellate arguments are reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We conclude that they aren't.

Mr. Headley was indicted on charges that he had sexually abused children. But he later pleaded guilty to reduced charges of abusive sexual contact. The court accepted the guilty plea; and Mr. Headley challenged the resulting convictions in a motion to vacate his sentence, arguing that the charge of abusive sexual contact with a minor hadn't appeared in the indictment or constituted a lesser included offense. The court denied the motion, and Mr. Headley sought relief from the judgment under Rule 60 of the Federal Rules of Civil Procedure.

This rule contains six grounds. In a prior appeal, we rejected Mr. Headley's argument on the first ground (mistake, inadvertence, surprise, or excusable neglect). *United States v. Headley*, Case No. 23-8048, 2023 WL 6240090 (10th Cir. Sept. 26, 2023). With rejection of that argument, Mr. Headley filed a new Rule 60 motion, relying on the sixth ground (a catchall for "any other reason that justifies relief"). *See* Fed. R. Civ. P. 60(b)(6).

The district court concluded that Mr. Headley couldn't invoke the catchall provision to challenge the characterization of abusive sexual contact with a minor as a lesser included offense. Mr. Headley doesn't question that conclusion, but he argues that he has found new case law. His problem, however, is that he hasn't explained how the discovery of new

2

case law would justify reliance on the catchall provision in Rule 60. *Cf. Johnston v. Cigna Corp.*, 14 F.3d 486, 497 (10th Cir. 1993) (stating that in the absence of a legal change in a factually related case, a change in the law doesn't justify relief under Rule 60(b)(6)).

Without such an explanation, Mr. Headley lacks a reasonable basis to challenge the district court's ruling. And without a reasonable basis to challenge that ruling, we deny Mr. Headley's request for a certificate of appealability.

Matter dismissed.[1]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1] Mr. Headley also argues that the district court erred when stating that "even if his current argument could carry the day, it would have no effect" on the *other* count (abusive sexual contact). But the district court made this statement only as an alternative ground to deny Mr. Headley's Rule 60(b)(6) motion. Because the district court's primary rationale isn't reasonably debatable, we don't need to analyze the district court's alternative ground to deny the motion. *See Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 558 (10th Cir. 2001) ("We need not discuss all of [the district court's] reasons because we can affirm on the basis of one.").