**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN MATA-SOTO,

    Defendant - Appellant.

No. 18-3026
(D.C. Nos. 2:18-CV-02020-KHV &
2:08-CR-20160-KHV-1)
(D. Kan.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HOLMES**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

Juan Mata-Soto, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's decision construing his Fed. R. Civ. P. 60(b) motion as an unauthorized second or successive 28 U.S.C. § 2255 motion and dismissing it for lack of jurisdiction. We deny a COA and dismiss this matter.

Mr. Mata-Soto pled guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846. He was sentenced to life in prison. He did not file a direct appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Mata-Soto subsequently filed a pro se § 2255 motion. The district court concluded that his claims were barred by the waiver of collateral challenges in his plea agreement and that they lacked substantive merit. Mr. Mata-Soto sought a COA from this court, but his appeal was dismissed for failure to prosecute when he failed to pay the filing fee.

Mr. Mata-Soto later sought to challenge his conviction and sentence through a writ of audita querela. The district court rejected his attempt to do so and this court dismissed Mr. Mata-Soto's appeal from that decision based on the appellate waiver in his plea agreement. He next sought authorization to file a second or successive § 2255 motion, but this court denied his request because he failed to meet the standard for authorization in § 2255(h).

Mr. Mata-Soto then filed the underlying Rule 60(b) motion, which sought relief from the district court's judgments in his § 2255 and audita querela proceedings. The district court construed the Rule 60(b) motion as an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. He now seeks a COA to appeal from that decision.

To obtain a COA from the district court's procedural ruling, Mr. Mata-Soto must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

A Rule 60(b) motion should be treated as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A Rule 60(b) motion may not be treated as a successive § 2255 motion if it "challenges a defect in the integrity of the federal habeas proceeding." *Id*. at 1216.

In his COA application, Mr. Mata-Soto fails to explain how the district court erred in treating his Rule 60(b) motion as a second or successive § 2255 motion. Instead, he argues the merits of the claims he raised in his Rule 60(b) motion—that he was denied due process when the district court participated in the plea negotiations and he was denied his Sixth Amendment right to effective assistance of counsel during the plea negotiations, sentencing, and direct appeal. As the district court correctly concluded, these claims assert or reassert a federal basis for relief from Mr. Mata-Soto's conviction and do not challenge a defect in the integrity of his § 2255 proceeding. Given these circumstances, reasonable jurists would not debate the district court's decision to construe the Rule 60(b) motion as an unauthorized second or successive § 2255 motion and to dismiss it for lack of jurisdiction.

Accordingly, we deny a COA and dismiss this matter. We also deny Mr. Mata-Soto's request to take judicial notice of a letter regarding Robin S. Martin that was allegedly sent to him from the State Bar of California. Although "[j]udicial notice may be taken at any time, including on appeal," *United States v. Burch*, 169 F.3d 666, 671 (10th Cir. 1999), Mr. Mata-Soto's request is not an appropriate one for judicial notice, *see id*. ("A fact may be judicially noticed if it is not subject to reasonable dispute because it is either '(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" (quoting Fed. R. Evid. 201(b)). And we deny as moot Mr. Mata-Soto's request for a stay of these proceedings.[1] We grant his motion for leave to proceed without prepayment of costs or fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

---

[1] Mr. Mata-Soto sought to stay these proceedings until the Supreme Court decides *Garza v. State of Idaho*, No. 17-1026, 2018 WL 534810 (U.S. June 18, 2018) (granting petition for writ of certiorari). The question presented for review in that case is: "Does the 'presumption of prejudice' recognized in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), apply where a criminal defendant instructs his trial counsel to file a notice of appeal but trial counsel decides not to do so because the defendant's plea agreement included an appeal waiver?" *Garza v. State of Idaho*, No. 17-1026, 2018 WL 557828 (U.S. Jan. 23, 2018) (petition for a writ of certiorari). The resolution of that question has no bearing on the issue here—whether the district court properly construed Mr. Mata-Soto's Rule 60(b) motion as a second or successive § 2255 motion.