FILED
United States Court of Appeals
Tenth Circuit

January 22, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DON MILTON STEELE,

    Defendant - Appellant.

No. 18-3196
(D.C. Nos. 2:14-CV-02512-JWL &
2:10-CR-20037-JWL-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **O'BRIEN**, and **McHUGH**, Circuit Judges.
_____

Don Milton Steele, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's order construing his "Petition for Relief

from a Judgement or Order Pursuant to Rule 60(b)(2) and or 60(d)(3) 'Savings Clause' or

Rule 60(b)(6) with request for Equitable Tolling" as an unauthorized second or

successive 28 U.S.C. § 2255 petition, and dismissing it for lack of jurisdiction. We deny

a COA and dismiss this matter.

Steele was convicted in 2012 of counterfeiting and drug-related offenses, as well

as possession of a firearm in furtherance of a drug-trafficking crime in violation of

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

18 U.S.C. § 924(c). We affirmed his convictions and sentence on direct appeal. *United States v. Dyke*, 718 F.3d 1282, 1292, 1294 (10th Cir. 2013). Steele filed a first § 2255 motion in 2014. The district court denied relief and this court denied a COA. In 2018, Steele filed his motion for relief under Fed. R. Civ. P. 60. The district court dismissed the petition as second or successive and Steele filed a notice of appeal.[1]

To appeal, Steele must obtain a COA. *See* § 2253(c)(1)(B). To obtain a COA, "a prisoner [must] show[], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006), we held that a Rule 60 motion that "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction" is second or successive. Steele fails to explain why the court's determination that the Rule 60 motion was second or successive was wrong.

We deny a COA and dismiss this appeal.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

---

[1] Shortly after the district court dismissed Steele's Rule 60 motion, he filed a motion for authorization in this court in which he argued that he should be permitted to bring the same claims he sought to raise in Rule 60 motion in a new § 2255 proceeding. This court denied the motion.