**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHARD SCOTT MCINTOSH,

    Petitioner - Appellant,

v.

E. SCOTT PRUITT,

    Respondent - Appellee.

No. 20-7054

(D.C. No. 6:16-CV-00460-RAW-KEW)
(E.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.

---

In February 2020, Petitioner Richard Scott McIntosh filed a *pro se* motion in the district court pursuant to Fed. R. Civ. P. 60(b)(4) and 60(d)(1), seeking relief from the court's earlier denial of his *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The court first denied the Rule 60(b)(4) portion of the motion as untimely. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time"). The court then denied the Rule 60(d)(1) portion of the motion as meritless. Defendant sought to appeal. Because Petitioner had not requested a certificate of appealability (COA) from the district court, *see* 28 U.S.C.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 2253(c), and the court had not addressed whether a COA should issue, we remanded to the district court for a decision in the first instance. *McIntosh v. Pruitt*, No. 20-7054, Order at 1–2 (10th Cir., Aug. 27, 2020). The district court denied Petitioner a COA. Now before us is Petitioner's renewed motion for a certificate of appealability. We deny the motion and dismiss Petitioner's appeal.

\* \* \*

Way back in August 1991, Petitioner robbed a savings and loan and led police on a high speed chase through the city of Muskogee, Oklahoma. Petitioner was first charged in state court with (1) running a road block, (2) robbery with a firearm, (3) shooting with intent to kill, and (4) assault with a dangerous weapon. Thereafter, Defendant was charged in federal court with (1) bank robbery, (2) felon in possession of a firearm, (3) use of a firearm during commission of a crime, and (4) conspiracy. Petitioner's federal trial occurred in November 1991, prior to his state trial. After conviction, the federal court sentenced him to 34 years in prison in January 1992. Petitioner's state court trial commenced in March 1992. Again after conviction, the state court sentenced him to life imprisonment plus a term of years in April 1992. Petitioner's federal and state convictions were affirmed on direct appeal in 1993 and 1994 respectively. Petitioner is currently in federal custody and will be transferred to state custody to serve his state sentence when he completes his federal sentence.

In July 2015, Petitioner filed his first application for post-conviction relief in

state court.  In his *pro se* application, Petitioner argued what he has been arguing more or less ever since.  Petitioner claimed the Oklahoma district court, which exercised criminal jurisdiction over Petitioner prior to the federal district court, relinquished its jurisdiction to try him by permitting the federal court to try and sentence him first.  Therefore, according to Petitioner, his subsequent trial and sentence in state court violated his due process rights.  The state district court denied Petitioner post-conviction relief in April 2016 on the merits.  In July 2016, the Oklahoma Court of Criminal Appeals affirmed on the basis of waiver because Petitioner failed to raise his claim on direct appeal.

In September 2016, Petitioner filed his first petition for a writ of habeas corpus under 28 U.S.C. § 2254 in federal district court.  In August 2017, the federal court held the petition was time-barred and denied Petitioner relief.  The court explained that because Petitioner's state convictions became final before enactment of AEDPA on April 24, 1996, he had until April 24, 1997 to submit his § 2254 petition.  *See* 28 U.S.C. § 2244(d).  The court further explained that Petitioner was not entitled to equitable tolling.  Petitioner did not appeal the court's ruling.  Instead, Petitioner waited two and one-half years and then filed his Rule 60 motion.

\* \* \*

3

Where a district court treats a Rule 60(b) motion for relief from judgment as such, rather than as a second or successive § 2254 petition, and denies it, we require movant to obtain a COA before proceeding with an appeal. *Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006). The same may be said for a Rule 60(d)(1) motion filed as part of a movant's § 2254 action.[1] It would be illogical that the law would require a COA to appeal from the denial of a § 2254 petition but not from a subsequent motion filed in the same action, however labeled, seeking relief from the denial of such petition. *See Spitznas*, 464 F.3d at 1218.

Where a district court has rejected a Rule 60 motion seeking relief from the denial of a § 2254 petition on the merits, we will issue a COA only if a petitioner has shown that reasonable jurists would find the district court's assessment of the motion's constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the court has rejected such motion on procedural grounds, such as untimeliness, however, we will issue a COA only if a petitioner shows that reasonable jurists would find it debatable whether the motion states a valid constitutional claim and reasonable jurists would find it debatable whether the

---

[1] No such thing as a Rule 60(d)(1) motion actually exists. Subsection (d)(1) simply states that Rule 60 itself does not "limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding." Here, Petitioner does not pursue an independent action, which, of course, would constitute a case entirely separate from this § 2254 action. Nor likely could he pursue such an action given the bar to second or successive habeas petitions contained in 28 U.S.C. § 2244(b).

4

district court was correct in its procedural ruling. *See id.* After carefully reviewing (1) Petitioner's motion for a COA and brief in support of his position, (2) the district court's order denying him relief under Rule 60, and (3) the entire record on appeal, we conclude that no reasonable jurist would debate or disagree with the district court's denial of Petitioner's Rule 60 motion. Regardless of the motion's timeliness, Petitioner's argument that the Oklahoma state court lacked criminal jurisdiction over him fails on the merits.

* * *

Accordingly, we DENY Petitioner's motion for a certificate of appealability and DISMISS this appeal.

Entered for the Court


Bobby R. Baldock
Circuit Judge

5