FILED
United States Court of Appeals
Tenth Circuit

March 18, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RAY A. SMITH,

    Petitioner - Appellant,

v.

JOHN CHAPDELAINE; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

    Respondents - Appellees.

No. 20-1415
(D.C. No. 1:16-CV-02528-RBJ)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Petitioner Ray A. Smith, a Colorado state prisoner proceeding pro se, seeks a

certificate of appealability (COA) from the district court's denial of a motion Smith

brought ostensibly under Federal Rule of Civil Procedure 60. We deny a COA and

dismiss this appeal.

**I.**     **BACKGROUND & PROCEDURAL HISTORY**

In 2009, a Denver jury convicted Smith of first-degree murder and witness

tampering. After pursuing appeals and postconviction proceedings in state court, he

---

    * This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filed a 28 U.S.C. § 2254 petition in the United States District Court for the District of Colorado. Among his many claims, he argued his defense attorneys were ineffective at the murder trial because they did not obtain surveillance video showing when he returned to his apartment on the night of the murder. Presumably Smith believed this video would have supported an alibi defense, *i.e.*, that he could not have been at the scene of the murder when the victim was killed.

The district court rejected this claim for multiple reasons, including lack of prejudice from the allegedly ineffective assistance:

> Even if there was video evidence that he returned to his apartment at a specific time, there was overwhelming evidence of his guilt presented at trial, including that the victim's blood was found on Mr. Smith's shirt, Mr. Smith's DNA was found on the murder weapon and the victim, and Mr. Smith's blood was found at the scene of the murder. Additionally, Mr. Smith's girlfriend told police that when Mr. Smith came home the night of the murder he said that he had stabbed the victim numerous times and that he might be going to prison. Also, while in jail, he made numerous phone calls implicating himself.

*Smith v. Chapdelaine*, No. 16-cv-02528, 2018 WL 9593878, at \*13 (D. Colo. Aug. 23, 2018) (citations omitted).

The district court denied relief on all other claims too, *see id.* at \*14, and this court denied a COA, *see Smith v. Chapdelaine*, 774 F. App'x 468, 477 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 838 (2020), *reh'g denied*, 140 S. Ct. 2661 (2020).

Smith returned to the district court and filed a motion ostensibly for relief from judgment under Rule 60, although not specifying which part of the rule he was relying on. Regardless, his motion generally re-argued the trial evidence and

2

characterized unfavorable testimony as false evidence intentionally solicited by the prosecution.

The district court deemed Smith's Rule 60 motion to be, in substance, a second or successive § 2254 petition. Given that, the district court dismissed it for lack of jurisdiction because this court had not authorized it. We denied a COA from that disposition. *Smith v. Chapdelaine*, 793 F. App'x 810, 812 (10th Cir. 2020).

Smith returned again to the district court and filed another Rule 60 motion, this time invoking Rule 60(d)(3), which provides, "This rule [*i.e.*, Rule 60] does not limit a court's power to . . . set aside a judgment for fraud on the court." Smith's motion elaborated on the alibi defense alluded to in his original § 2254 petition, *i.e.*, that evidence regarding when he arrived home on the night of the murder would show he could not have been at the scene of the murder when it happened. He again accused his trial counsel of ineffective representation for failure to pursue this defense, again accused the prosecution of knowingly presenting false testimony, and again re-argued the evidence. The district court denied the motion without explanation.

## II. ANALYSIS

We have examined Smith's purported Rule 60(d)(3) motion and we find no request for relief that would qualify as true Rule 60 relief. *See Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006) (distinguishing motions that challenge procedural rulings that precluded a merits determination or defects in the habeas proceeding itself, which may be raised through Rule 60, and motions that "in substance or effect assert[] or reassert[] a federal basis for relief from the petitioner's

3

underlying conviction," which should be treated as second or successive habeas petitions). Smith's COA application does not argue otherwise. He instead continues to advance his alibi theory.

The district court did not explain why it denied Smith's motion. Regardless, the motion is, in substance, an unauthorized second or successive habeas petition, over which the district court lacked jurisdiction, *see In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization."). Smith therefore cannot show "a substantial showing of the denial of a constitutional right," so we may not issue a COA. 28 U.S.C. § 2253(c)(2).

## III. CONCLUSION

We deny Smith's application for a COA and dismiss this appeal. We also warn Smith that any further attempt by him to begin a collateral attack on his 2009 convictions without first satisfying all of the authorization requirements set forth in 28 U.S.C. § 2244(b), including first moving in this court for authorization, could lead to the imposition of sanctions. *See In re Cline*, 531 F.3d at 1253. Smith's motion for leave to proceed *in forma pauperis* is granted.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

4