**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 16, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RANDE BRIAN ISABELLA,

    Defendant - Appellant.

No. 22-1101
(D.C. Nos. 1:21-CV-00973-CMA &
1:14-CR-00207-CMA-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Rande Isabella, proceeding pro se, requests a certificate of appealability ("COA") to appeal from the district court's denial of his amended 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We deny a COA and dismiss this matter.

**BACKGROUND**

A jury convicted Mr. Isabella of two charges: persuading and attempting to persuade a minor ("S.F.") to engage in sexual activity for which any person could be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b) (Count 1), and attempting to persuade S.F. to produce child pornography, in violation of 18 U.S.C.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 2251(a) and (e) (Count 2). The jury acquitted him of two other charges based on separate interactions with an undercover officer. The district court sentenced him to two concurrent sentences of 216 months of imprisonment. This court affirmed, *see United States v. Isabella*, 918 F.3d 816, 849 (10th Cir. 2019), and the Supreme Court denied a writ of certiorari, *see Isabella v. United States*, 140 S. Ct. 2586 (2020).

A year later, Mr. Isabella filed a § 2255 motion. After the United States answered, he moved to amend his § 2255 motion, which the United States opposed. The district court took up the motion to amend immediately before deciding the § 2255 claims. It granted the motion to amend in part and denied it in part, holding that the claims in the proposed amended motion generally related back to the original § 2255 motion, but that any sub-claims that did not relate back to the original motion would be time-barred. Although it held that one claim was procedurally defaulted, the district court denied most of the § 2255 claims on the merits.

Mr. Isabella then filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The district court held Mr. Isabella had not identified a change in the controlling law, any previously unavailable new evidence, or clear error in the court's decision, and the court saw no manifest error in its denial of the § 2255 motion.

## DISCUSSION

### I.     COA Standards

Mr. Isabella must obtain a COA to appeal from the district court's denial of his § 2255 motion, *see* 28 U.S.C. § 2253(c)(1)(B), and his Rule 59(e) motion, *cf. Spitznas v. Boone*, 464 F.3d 1213, 1225 (10th Cir. 2006) (applying COA requirement to appeal from

an order denying a Federal Rule of Civil Procedure 60(b) motion).  To obtain a COA, he must make "a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  "[A] substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  Where the district court denied claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  But where the district court denied claims on procedural grounds, the petitioner must demonstrate that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling."  *Id.*

As a pro se litigant, Mr. Isabella is entitled to a liberal construction of his filings.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  The court, however, does not act as his attorney.  *See id.*

II.    **Arguments for COA**

A.    **Government's Failure to Answer Amended § 2255 Motion**

Mr. Isabella moved to amend his § 2255 motion after the United States answered his original motion.  The district court decided the motion to amend immediately before addressing the claims in the amended § 2255 motion, without directing the United States to answer the amended § 2255 motion.  Mr. Isabella's Rule 59(e) motion pointed out that

3

the United States had not answered his amended § 2255 motion, but the district court denied the Rule 59(e) motion.

Before this court, Mr. Isabella argues that the denial of his Rule 59 motion is debatable. He contends that the government's failure to respond denied him a "meaningful opportunity to be heard by reply without incorporating by reference his original (now defunct) pleading under §[ ]2255." Aplt. Opening Br./Appl. for COA, CM/ECF p. 8 (capitalization omitted). Reasonable jurists, however, would not debate this issue. Mr. Isabella has not made a substantial showing that the district court denied him a constitutional right when it decided his amended § 2255 motion without directing the United States to file a second answer.

**B.      Claims Alleging Dismissal or Acquittal of Completed Aspect of Count 2**

**1.      Relevant Background**

Count 2 of the indictment, involving production of child pornography, charged Mr. Isabella both with violating § 2251(a) and attempting to violate § 2251(a). After the jury was empaneled but before the parties made their opening statements, the district court held a jury-instruction conference. At that conference, the prosecutor informed the court that S.F. had said that Mr. Isabella did not play a role in the creation of a photograph colloquially known as "the torso pic," which was the only evidence to support a completed offense of producing child pornography in violation of § 2251(a). The United States therefore requested that the court instruct the jury only as to the

attempt aspect of Count 2.[1]  The district court interpreted the request as a motion to dismiss the portion of Count 2 that charged a completed crime.  Mr. Isabella objected, stating that the government was improperly attempting to materially amend the indictment.  It is not clear whether the district court dismissed the completed aspect of Count 2, but the court did instruct the jury only as to the attempt aspect of Count 2.

## 2.     Claim 1

Claim 1 of the amended § 2255 motion argued that appellate counsel (who also was Mr. Isabella's trial counsel) was ineffective for failing to raise a "dead bang winner

---

[1] The record indicates some confusion about the series of underlying events, particularly the date on which the government requested the court instruct the jury only as to the attempt aspect of Count 2.  Our review identifies the following events:

- On September 14, 2016, the district court held a pre-trial conference.  The court and parties discussed a recent report indicating that Mr. Isabella had not been involved in producing the torso pic.  But the government did not then move to instruct the jury only as to the attempt aspect of Count 2.

- On September 19, the jury was empaneled and sworn.

- On September 22, the district court held a jury-instruction conference.  It was at this conference that the government moved that the jury be instructed only as to the attempt aspect of Count 2.

- On September 26, the parties made their opening statements and the government began presenting evidence.

Although not all the relevant documents appear in the record on appeal in this matter, we take judicial notice of the district court's docket and the transcripts of the September 14 and 26 conferences in the direct-appeal record.  *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

issue" arising from the government's election to proceed only with the attempt aspect of Count 2. R. Vol. 2 at 303 (internal quotation marks omitted). Mr. Isabella asserted that because jeopardy had attached by the time of the jury-instruction conference, the district court's decision to instruct the jury only as to the attempt aspect of Count 2 acted as a dismissal with prejudice or an acquittal of the completed aspect of Count 2. Noting that Count 1 required the jury to find a predicate offense of production of child pornography, Mr. Isabella contended that such dismissal or acquittal of completed production of child pornography in Count 2 precluded the jury from finding the required predicate offense in Count 1. He further asserted that the dismissal violated Federal Rule of Criminal Procedure 48(a) and due process.[2] And if counsel had raised those contentions on appeal, he argued, the government would not have been able to prove the error harmless beyond a reasonable doubt under *Chapman v. California*, 386 U.S. 18, 24 (1967). Accordingly, he concluded, this court would have reversed his convictions.

The district court held that "[t]he Government's election to pursue a conviction for attempted production of child pornography did not automatically acquit Mr. Isabella of the completed offense." R. Vol. 2 at 502. It recognized that the indictment charged Mr. Isabella with attempt as well as the completed offense, and stated, "because both the completed and attempted crime were alleged in Count 2, it is illogical and impossible for Mr. Isabella to have been both 'acquitted' of Count 2 and convicted by the jury of the

---

[2] Rule 48(a) provides: "The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent."

same Count." *Id.* As for the Rule 48(a) allegations, the court found "that this argument has no merit because the Government's decision to proceed on an attempt theory occurred at a pre-trial conference, not during trial, and the Government did not dismiss Count 2, let alone the indictment." *Id.* at 503.

Ineffective-assistance claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id.* at 687. The performance prong requires a defendant to show "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The prejudice prong requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

This court has recognized that "an appellate advocate may deliver deficient performance and prejudice a defendant by omitting a dead-bang winner, even though counsel may have presented strong but unsuccessful claims on appeal." *United States v. Cook*, 45 F.3d 388, 395 (10th Cir. 1995) (internal quotation marks omitted). A "dead-bang winner . . . is an issue which was obvious from the trial record," *id.*, that presented a reasonable probability of reversal on appeal, *Neill v. Gibson*, 278 F.3d 1044, 1057 n.5 (10th Cir. 2001) (clarifying that the *Strickland* standard of reasonable probability of a different result applies in "dead-bang winner" situations, and abrogating *Cook* to the extent it held otherwise).

Mr. Isabella is correct that in a jury trial, jeopardy attaches when a jury is empaneled and sworn. *See Serfass v. United States*, 420 U.S. 377, 388 (1975). Here, the

jury-instruction conference occurred after the jury was empaneled and sworn. It therefore appears that the district court erred in stating that the government's request to proceed only on the attempt aspect of Count 2 came before trial. Nevertheless, Mr. Isabella has not shown that reasonable jurists would debate whether appellate counsel was ineffective in omitting a "dead-bang winner."

Mr. Isabella has failed to demonstrate a reasonable probability that this court would have reversed his convictions if appellate counsel had argued that the district court erred in allowing the government not to proceed with the completed aspect of Count 2. This court acknowledged that the government did not proceed with a completed violation of § 2251(a), *see Isabella*, 918 F.3d at 824 n.2, but nonetheless it concluded the evidence was sufficient to support conviction of an attempted violation of § 2251(a), *see id.* at 834-36. And although Mr. Isabella believes he could not have been convicted of a completed or attempted violation of § 2422(b) if he were acquitted of a completed violation of § 2251(a), he is incorrect.

The court instructed the jury for Count 1 that an element of a violation of § 2422(b) is that "Mr. Isabella knowingly persuaded, induced, enticed, or coerced SF to engage in any sexual activity for which Mr. Isabella could be charged with a criminal offense," R. Vol. 1 at 568, or that for an attempted violation of § 2422(b), he "knowingly attempted to" do so, *id.* at 569. One of the two possible qualifying sexual activities (and the one the jury chose for both the completed and attempt aspects of Count 1) was "[p]roduction of child pornography under federal law." *Id.* at 568, 569, 594-95. Mr. Isabella assumes that the government's decision not to proceed with the completed

8

violation of § 2251(a), after jeopardy attached, necessarily means that the jury could not find production of child pornography was a qualifying sexual activity in connection with Count 1.  But no reasonable jurist would debate this issue.  The jury did not have to find that Mr. Isabella was involved in the production of the torso pic (or any other completed violation of § 2251(a)) to conclude that he attempted to persuade, induce, entice, or coerce S.F. to engage in the production of child pornography.

In addition, although Mr. Isabella asserts the government could not have satisfied the *Chapman* standard, he does not suggest any meaningful way in which omitting the completed aspect of Count 2 harmed him.  He asserts that his "powerful digital forensic evidence would have caused grave doubt about [his] involvement in producing child pornography with S.F.  The dismissal rendered that evidence useless to other charges." Aplt. Opening Br./Appl. for COA, CM/ECF p. 12.  But the government's decision not to proceed on the completed aspect of Count 2 relieved Mr. Isabella of the need to defend against a serious charge and any uncertainty about the jury's verdict.  Further, the jury was informed, by S.F.'s own testimony, that Mr. Isabella played no role in the production of the torso pic.  *See Isabella*, 918 F.3d at 826.  In these circumstances, we cannot see that reasonable jurists would debate whether Mr. Isabella was prejudiced by *not* having to defend against the charge of a completed violation of Count 2.

For these reasons, we cannot conclude that reasonable jurists would debate whether the acquittal issue was a "dead-bang winner."  We deny a COA on Claim 1.

### 3.    Claims 2, 3, 5, and 6

Claims 2, 3, 5, and 6 also rest on the theory that having been acquitted of the completed aspect of Count 2, Mr. Isabella could not have been convicted of either Count 1 or the attempt aspect of Count 2.[3]  Having rejected this theory in considering Claim 1, the district court also rejected these claims.

In seeking a COA, Mr. Isabella objects that the district court continued to rely on the finding that the government requested to proceed with the attempt aspect of Count 2 before trial, rather than during trial.  As discussed, however, this finding (even if incorrect) does not mean that reasonable jurists would debate Mr. Isabella's theory that acquittal on the completed aspect of Count 2 means he could not be convicted under Count 1 or the attempt aspect of Count 2.  Because Claims 2, 3, 5, and 6 rely on Mr. Isabella's incorrect theory, no reasonable jurist would debate the rejection of these claims.  We deny a COA on Claims 2, 3, 5, and 6.

### C.    Remaining Arguments

Mr. Isabella further requests a COA on Claims 7, 8, 9, 10, 14, and 16.  Having carefully reviewed Mr. Isabella's opening brief and application for COA, the record, and

---

[3] Claim 2 alleged trial counsel was ineffective for failing to object when the court dismissed the completed aspect of Count 2, but then allowed the jury to rely upon production of child pornography as the predicate conduct for Count 1.  Claim 3 alleged appellate counsel was ineffective for failing to challenge the special verdict form, which listed the possible predicate offenses.  Claim 5 alleged appellate counsel was ineffective for failing to argue that Mr. Isabella was subjected to double jeopardy when he was acquitted of completed production of child pornography in Count 2 but convicted of it as the predicate offense for Count 1.  Claim 6 alleged Mr. Isabella was impermissibly "adjudicated 'not guilty' and 'guilty' by the same conduct."  R. Vol. 2 at 327.

the relevant law, we deny a COA on these claims because reasonable jurists would not debate the district court's decision to deny them.

Claim 7 alleged that this court applied the wrong standard for evaluating the sufficiency of the evidence on direct appeal. But no reasonable jurist would debate this claim; this court identified the appropriate standard, *see Isabella*, 918 F.3d at 830, and Mr. Isabella's disagreement with the result does not mean that the court applied an improper standard. Further, one panel generally cannot overrule a prior binding decision by another panel. *See United States v. White*, 782 F.3d 1118, 1126-27 (10th Cir. 2015).

Claim 8 alleged the jury instructions unconstitutionally amended the indictment by omitting the words "such," "if," and "that," causing the district court to lose jurisdiction. Claim 9 alleged that appellate counsel was ineffective for failing to raise that argument on appeal. But no reasonable jurist would debate the district court's determination that the omission of "such," "if," and "that" did not constructively amend the indictment or cause a variance. It follows that no reasonable jurist would debate whether appellate counsel was ineffective in omitting this argument from the direct appeal. Further, reasonable jurists would not debate the decision to analyze the allegations of Claim 8 only through the lens of whether appellate counsel was ineffective for omitting the argument. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) (holding that counsel's failure to make an argument does not establish cause unless counsel was ineffective).

Claims 10 and 16 alleged that appellate counsel was ineffective for failing to challenge the constitutionality, as applied to Mr. Isabella, of § 2251(a), 18 U.S.C. § 2256(2) (defining "sexually explicit conduct"), and 18 U.S.C. § 2256(8) (defining

"child pornography"). These claims, however, essentially attempt to relitigate the sufficiency of the evidence, which already was decided on direct appeal. A principal thrust of Mr. Isabella's argument is that this court erred in deciding his direct appeal, and he "requests the Tenth Circuit Court of Appeals reconsider its position" regarding the interpretation of § 2251(a). Aplt. Opening Br./Appl. for COA, CM/ECF p. 30. As stated, however, one panel of this court cannot overrule a prior binding decision by another panel. *See White*, 782 F.3d at 1126-27. Accordingly, no reasonable jurist would debate the district court's rejection of these claims.

Finally, Claim 14 asserted that because there was "no legitimate factual or legal basis" for Mr. Isabella's convictions, he would not have been convicted absent prosecutorial misconduct. R. Vol. 2 at 381. Before this court, Mr. Isabella complains that his allegations of prosecutorial misconduct went unanswered and unaddressed by the district court. The district court considered the claim to be another attempt to argue the sufficiency of the evidence of completed production of child pornography. In the circumstances, no reasonable jurist would debate the district court's decision not to analyze each contention in Claim 14. Moreover, Mr. Isabella would have had to overcome a procedural default to pursue the misconduct claims. But no reasonable jurist would debate whether his appellate counsel was ineffective for failing to argue prosecutorial misconduct; he failed to establish a reasonable probability that the argument would have resulted in reversal on appeal.

**CONCLUSION**

We deny a COA and dismiss this matter. We grant Mr. Isabella's motion to proceed without prepayment of costs and fees. We deny as moot his motion to rescan his corrected amended combined opening brief and application for COA, because the document already was rescanned and is complete in CM/ECF.

Entered for the Court

Bobby R. Baldock
Circuit Judge